## EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. SCHULZE.*
### (No. 573–4036.)

(Commission of Appeals of Texas, Section A. Oct. 15, 1924.)

**1. Negligence ⬢⟿121(5)—Negligence as proximate cause of injury must be proved.**

Negligence is positive matter, and, before it can be imputed to party, facts must be proved showing negligence, or circumstances must be shown from which negligence may be reasonably inferred, and that such negligence was proximate cause of injury complained of.

**2. Warehousemen ⬢⟿34(7) — Evidence held not to show negligence was proximate cause of loss of cotton by fire.**

Evidence *held* not to warrant finding that any negligence of warehouse company was proximate cause of loss of cotton by fire.

**3. Warehousemen ⬢⟿34(5)—Proof cotton destroyed by fire cast burden on storer to show due negligence of warehouseman.**

Where one storing cotton with warehouse sued for its return on his receipt, and warehouse company showed that cotton was destroyed by fire, burden of proof was on plaintiff to show that fire was result of negligence of warehouseman.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Gus Schulze against the Exporters' & Traders' Compress & Warehouse Company. From a judgment of the Court of Civil Appeals (253 S. W. 702), affirming a judgment for plaintiff, defendant brings error. Reversed and rendered.

Spivey, Bartlett & Carter, of Marlin, and Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

Sam R. Scott, of Waco, and Frank Oltorf, of Marlin, for defendant in error.

CHAPMAN, J. Prior to November 18, 1920, defendant in error, Gus Schulze, had delivered to plaintiff in error, hereafter called warehouse company, 19 bales of cotton for storage. Upon receipt of each bale of cotton the warehouse company delivered to Schulze a receipt, in which it agreed to redeliver the cotton to the legal holder of the receipt, or pay market value therefor, acts of Providence or fire damage excepted. November 18, 1920, while the cotton was in the warehouse it was totally destroyed by fire. Schulze brought suit against the warehouse company for the value of the cotton and alleged the failure of the warehouse company to make redelivery of the cotton upon the presentation of the receipt, but made no allegations as to negligence on the part of the warehouse company. The warehouse company answered by pleading that the cotton was destroyed by fire, and that it was therefore not liable. Plaintiff, by supplemental petition, made this plea:

"For further reply to said answer, plaintiff would show to the court that, if said cotton was held by the defendant under and by virtue of a contract, in and by which it was agreed by and between the parties that defendant would not be liable for the redelivery of said cotton, nor to pay the value thereof in event said cotton should be destroyed by fire, then this plaintiff shows to the court that said portion of said contract is void and nonenforceable as against this plaintiff, and does not protect the defendant against liability for the loss of said cotton and constitutes no defense, in the event said loss by fire is the result of the negligence of the defendant or any of its agents, servants, or employees."

[1,2] The jury, on special issues, found that the warehouse company did not exercise ordinary care to provide and maintain protection for the cotton against fire and that the failure of the warehouse company to exercise such care was the proximate cause of the destruction of the cotton by fire. It does not become necessary for us to determine whether the part of the supplemental petition of Schulze above set out was a sufficient allegation as to negligence on the part of the warehouse company, for the reason that there is no evidence upon which to base a finding that the fire was the proximate result of the negligence of the warehouse company. There is no evidence whatever as to the origin of the fire and none to the effect that it could, under any circumstances, have been extinguished by the employees of the warehouse company after it was discovered, and there is no evidence that the warehouse company failed to keep watchmen in the warehouse. Negligence is a positive matter, and, before it can be imputed to a party to a suit, facts must be proved showing negligence, or circumstances must be shown from which negligence may be reasonably inferred, and that such negligence was the proximate cause of the injury complained of. It is possible that there are sufficient facts in this case upon which it may be inferred that the warehouse company did not use ordinary care in the manner in which it kept its premises, but there is no evidence upon which to base a finding that the fire in question in this

---

⬢⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied December 20, 1924.

case was the proximate result of such cause.

[3] The plaintiff in the trial court having failed to show that the fire was the result of negligence on the part of defendant, then the question arises as to whether the failure of the warehouse company to redeliver the cotton upon demand raises a presumption of negligence on the part of the warehouse company, and, if so, is this presumption overcome by the warehouse company's alleging and proving that the cotton was destroyed by fire?

The Court of Civil Appeals of the Third District, 253 S. W. 702, held that the failure of the warehouse company to redeliver the cotton upon demand was prima facie proof of negligence on its part, and that the proof that the cotton was destroyed by fire did not relieve the warehouse company of the presumption of negligence, but that it was incumbent on the warehouse company to go further and show that the fire was not the result of any act of negligence on its part. This holding of the Court of Civil Appeals is in direct conflict with the holding of other Courts of Civil Appeals, namely: Staley v. Colony Union Gin Co., by the Amarillo Court, 163 S. W. 381; Thornton et ux. v. Daniel et al., by the El Paso Court, 185 S. W. 585; American Express Co. v. Duncan, by the Fort Worth Court, 193 S. W. 411.

Plainly stated, this presents the question whether, after it was shown that the cotton was destroyed by fire, the burden of proof was on the warehouse company to show that the fire was not the result of its negligence, or was on the plaintiff to show that the fire was the result of the negligence of the warehouse company. This question is discussed in 6 Corpus Juris, p. 1160, in these words:

"The burden of proof of showing negligence is on the bailor and remains on him throughout the trial. The presumption arising from injury to the goods or failure to redeliver is sufficient to satisfy this burden and make out a prima facie case against the bailee; but the bailee may overcome this presumption by showing that the loss occurred through some cause consistent with due care on his part, in which case he is entitled to the verdict, unless the bailor affirmatively proves to the satisfaction of the jury that the loss would not have occurred but for the negligence of the bailee. Thus, if he proves that the loss was occasioned by burglary or theft, by fire, by the falling of the warehouse in which the goods were stolen, or by any inevitable accident, the burden is again shifted to the bailor to prove defendant's negligence."

And by 40 Cyc. 473, as follows:

"So, by the weight of authority, where goods in the hands of a warehouseman are destroyed or damaged by fire, the bailor has the burden of showing that the warehouseman was guilty of negligence, as a presumption of negligence does not arise from the mere occurrence of the fire."

And in 27 Ruling Case Law, p. 1002, in this language:

"According to the weight of authority, the warehouseman fulfills his duty by showing a loss of the goods through fire, theft, leakage, or act of God; and the depositor, if he seeks to hold the warehouseman on the ground of negligence in the care of the property, has the burden of producing evidence showing such negligence resulting in the loss."

In the footnotes in Schmidt v. Blood, 24 Am. Dec. 143, after a discussion of many cases on this question, we find this statement:

"The doctrine deducible from these authorities seems to be this: A bailor seeking to recover from a warehouseman for the nondelivery of goods, or an injury thereto, must prove negligence. When he shows that the goods were not delivered on demand, or were delivered in a damaged condition, he has made a prima facie case. If the defendant accounts for the nondelivery or injury, by showing that the goods were stolen, or were lost or damaged by fire, or in any other manner consistent with the exercise of ordinary care on his part, the plaintiff's prima facie case is overcome, and he must prove positive negligence occasioning the loss."

In Claflin et al. v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467, this question is fully discussed, and is summed up in these words:

"The warehouseman, in the absence of bad faith, is only liable for negligence. The plaintiff must, in all cases suing him for the loss of goods, allege negligence and prove negligence. This burden is never shifted from him. If he proves the demand upon the warehouseman and his refusal to deliver, these facts unexplained are treated by the courts as prima facie evidence of negligence; but, if either in the course of his proof or that of the defendant it appears that the goods have been lost by theft, the evidence must show that the loss arose from the negligence of the warehouseman."

In Stone v. Case, 34 Okl. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168, this question is fully discussed and annotated, and we take this quotation from that opinion:

"For, under the great weight of authority, and under the light of reason, where the loss of bailor's property is occasioned by fire, robbery, burglary, or theft, or by any means which would ordinarily and reasonably seem to be unavoidable, the bailee is relieved of the presumption of negligence in the loss, and of the consequent burden of interposing an affirmative defense."

In Wilson v. Railway Co., 62 Cal. 164, a like holding is made in these words:

"A prima facie case of negligence is made out against a warehouseman who refuses to deliver property stored with him, upon proof of demand and refusal. Upon such proof alone the burden is on him to account for the property; otherwise he shall be deemed to have converted it to his own use. But, if it appears that the property, when demanded, was consumed by

fire, the burden of proof is then on the bailor to show that the fire was the result of the negligence of the warehouseman."

We deem it unnecessary to quote further from other decisions, but this same holding is made in Levi v. Railway Co., 157 Mo. App. 536, 138 S. W. 699; Stanard Milling Co. v. White Lime Central Transit Co., 122 Mo. 258, 26 S. W. 704; Hunter v. Ricke Bros. et al., 127 Iowa, 108, 102 N. W. 826; Yazoo & M. V. Ry. Co. v. Hughes, 94 Miss. 242, 47 South. 662, 22 L. R. A. (N. S.) 975.

In Railway Co. v. Reeves, 10 Wall. 176, 19 L. Ed. 909, where property being conveyed by a common carrier was destroyed by storm and flood, the question was raised as to on whom would rest the burden of proof of showing negligence or the want of negligence, after the carrier showed that the goods were destroyed by storm and flood, and the court answered this question in these words, and it seems to us that the same principle involved in that case would apply to the question under consideration in the instant case:

"A common carrier assumes all risks, except those caused by the act of God and the public enemy. One of the instances always mentioned by the elementary writers of loss by the act of God is the case of loss by flood and storm. Now, when it is shown that the damage resulted from this cause immediately, he is excused. "What is to make him liable after this? No question of his negligence arises unless it is made by the other party. It is not necessary for him to prove that the cause was such as releases him, and then to prove affirmatively that he did not contribute to it. If, after he has excused himself by showing the presence of the overpowering cause, it is charged that his negligence contributed to the loss, the proof of this must come from those who assert or rely on it."

Some cases hold the opposite, on the question under consideration, of the holdings made in the cases above mentioned, but the great weight of authority is in favor of the cases above cited. We have been cited to no case by the Supreme Court of our state wherein this question has been decided, and in the absence of such case we shall adopt that principle supported by the great weight of authority, and hold that, when the warehouse company showed that the cotton had been destroyed by fire, it then relieved itself of showing that the fire was not caused by its negligence, but that the burden then rested on the plaintiff to show that the fire was the result of the negligence of the warehouse company or its employees, and, the plaintiff having wholly failed to produce any evidence that the fire was the result of the negligence of the defendant warehouse company, the defendant was entitled to the peremptory instruction requested by it.

The judgment of the trial court and the judgment of the Court of Civil Appeals

being in favor of defendant in error, Schulze, we recommend that the judgments of those courts be reversed, and that judgment be rendered in favor of plaintiff in error, warehouse company.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.