## LEONARD v. JACKSON. (No. 10426.)

Court of Civil Appeals of Texas. Dallas.
June 14, 1929.

See, also, 16 S.W.(2d) 1099.

Claude C. Westerfeld, of Dallas, for plaintiff in error.

Clark & Clark, of Dallas, for defendant in error.

JONES, C. J. This was a suit in a district court of Dallas county by R. B. Jackson, defendant in error, against Mrs. Mary Donnell Leonard, plaintiff in error, and her husband, A. E. Leonard, to recover the principal, interest, and attorney fees on a note in the principal sum of $1,000, executed jointly by plaintiff in error and her said husband. The note recites that the husband, A. E. Leonard, signed the note pro forma. Simultaneously with the filing of the suit, writs of attachment were issued and levied on certain real estate in the city of Dallas, which was the separate property of plaintiff in error. On a trial, judgment was rendered in favor of defendant in error for the amount of the note and attorney fees against plaintiff in error, and a foreclosure of the attachment lien on the said attached property against both defendants. A review of the judgment is sought in this court by means of a writ of error properly sued out. A. E. Leonard, the husband, refused either to appeal from the judgment of foreclosure against him, or to join plaintiff in error in the prosecution of her appeal. Under proper proceedings had in the lower court, she was allowed to prosecute the writ of error without the joinder of her husband, and also to execute a supersedeas bond.

The case was tried to the court, and no statement of facts appears in the record. The assignments of error urge that the judgment of the lower court should be reversed because (a) the judgment rendered is not supported by any proper pleading filed by defendant in error, and that the court erred in overruling defendant in error's general demurrer to the pleading filed; (b) the court erred in sustaining special exceptions to plaintiff in error's answer, alleging a total failure of consideration for the note executed; and (c) the court erred in sustaining special exceptions to plaintiff in error's answer, alleging that her execution of the note was secured through fraud and deception. These issues briefly present the grounds upon which reversal of the judgment is sought in this case.

■We overrule the contention of plaintiff in error that the petition of defendant in error fails to state a cause of action. The specific ground of this contention is that the petition shows that, at the time of the execution of the written instrument, forming the basis of this suit, plaintiff in error was a married woman living with her husband, and her status in this respect had not been changed at the time of the institution of the suit; that the petition is wanting in the necessary allegations to recover a judgment against a married woman, in that there are no allegations showing that the indebtedness represented by the note arose previous to her marriage, or was contracted for the betterment of her separate estate, or for anything that will permit a judgment to be taken against a married woman. This is true, if no allowance is made for certain recitals in the note forming the basis of this suit, the note being set out in hæc verba in the petition, but is untrue if these recitals are construed as forming a part of the allegations of the petition. As against the general demurrer, we are of opinion that it was the intention of the pleader to make these recitals allegations in his petition. These recitals show that under a contract with plaintiff in error, entered into October 6, 1925, defendant in error was employed on an agreed consideration of $1,000 to make investigation, and to do other work in behalf of plaintiff in error in several suits instituted by her and then pending in the district courts of Dallas county, and that at the time of the execution of the note this work had been fully performed, and that the note executed by plaintiff in error represented the consideration named in the contract. The recitals also show that at the time of the institution of these said suits, forming the basis of the contract of employment of defendant in error, and at the time of the contract of 1925, she was a widow and legally capable of entering into such a contract. The note was not attached as an exhibit to the petition, but was copied into the body of the petition, and we believe the intention was to make its recitals a part of the allegations of the petition. This being true, the petition is a sufficient basis for the judgment, and there was no error in overruling the general demurrer.

■The allegations in the answer, stricken out by a ruling sustaining the special exceptions, presented a valid defense to the suit. These allegations were properly verified and presented a valid plea of failure of consideration, as well as a valid plea of fraud and deceit, practiced upon plaintiff in error, to secure both the contract of October 6, 1925, and the execution of the note on the 29th day of June, 1927. In order to present such defenses, it was necessary to recite a history of the conditions that confronted the parties, both at the time of the execution of the contract and at the time of the execution of the note, for plaintiff in error did not deny the execution of either. It is not necessary to recite the specific facts alleged as the fraud and deceit practiced upon her, but it is sufficient to say that, if these allegations are established on the trial, they present a valid defense to the suit, and show that, because of such fraud and deceit, no valid instrument was ever executed, and no legal obligation was ever incurred, by plaintiff in error, and, further, that no consideration passed to her for the execution of either.

■The specific objection urged in these special exceptions is that, by these allegations of fraud and deceit and failure of consideration, plaintiff in error seeks to vary the terms of the written contract, evidenced by the note of June 29, 1927, and to vary the terms of the written contract entered into by the parties on October 6, 1925. We do not think that this objection is tenable. The allegations plead fraud in the inception of these contracts, which caused their subsequent execution, and which rendered both the act of execution and the instruments themselves void, ab initio. In other words, because of the fraud and deceit practiced, there was no written contract whose terms could be varied by oral evidence. Riedel v. Miller Mfg. Co. (Tex. Civ. App.) 18 S.W.(2d) 264 (not yet officially reported); Cator v. Commonwealth, etc., Co. (Tex. Com. App.) 216 S. W. 140.

We therefore hold that the court erred in sustaining the exceptions to the answer filed by plaintiff in error, and hold that such answer, if the allegations are established by proper proof, presents a valid defense to defendant in error's cause of action.

■It is contended by defendant in error that, in the absence of the statement of facts, we cannot determine that any harm resulted to plaintiff in error by the ruling of the court on the special exceptions. We cannot agree to this contention, for the reason that defendant in error's suit was based on an instrument in writing, to which a valid defense

could only be presented by certain pleas, including the pleas presented in this answer. Under the ruling of the court, the presumption must be indulged that the court permitted no evidence that would have established the pleas stricken out by exceptions. In fact, there was left no pleading as a basis for such evidence. These pleas were the only valid defenses presented, and hence the effect of the court's ruling was to take away from plaintiff in error the only defense she could make to the suit, and thereby destroy the only basis for defensive testimony.

It is also urged that a careful reading of the exceptions sustained will show that the court did not strike out the plea of failure of consideration. We do not understand this to be the effect of the exceptions, or of the ruling of the court thereon. The judgment clearly shows that the trial court did not so understand the effect of said ruling, for the judgment, among other things, recites: "To which ruling of the court in sustaining said special exceptions, going to the merits of the case, the defendants excepted and failed and refused to amend said answer. * * *"

These exceptions had the effect of a general exception to plaintiff in error's answer, and the above excerpt from the judgment shows that the court so considered them, notwithstanding the general demurrer was overruled. This doubtless was done, because the answer contained a general denial.

■ It is further contended by plaintiff in error that by an interlocutory order, entered at the request of defendant in error, the suit against the husband was dismissed before the entry of the judgment, and that the result is a judgment against a married woman without the joinder of her husband. If this order be construed as standing alone, there could be no question that it imports such result; but, on the same date that this interlocutory order was entered, the court entered judgment in the main cause, and gave a judgment of foreclosure against the husband, and decreed that, as to defendant in error's suit for the debt, the husband should go hence without day and recover his costs. We therefore construe the interlocutory order of dismissal to refer only to defendant in error's right for a personal judgment against the husband. Article 1985, Rev. St. 1925, declares that "the husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband." This dismissal, when construed in the light of the judgment entered in the cause on the same day, is merely in conformity, we think, to the terms of this statute, that no personal judgment in a suit of this kind can be rendered against the husband. This contention of plaintiff in error is overruled.

Because of the errors of the court, in sustaining the special exceptions to plaintiff in error's answer, it is the opinion of this court that this cause must be reversed and remanded.

Reversed and remanded.