KING et al. v. HARRIS COUNTY FLOOD CONTROL DIST.

No. 11968.

Court of Civil Appeals of Texas. Galveston.

April 1, 1948.

Rehearing Denied April 22, 1948.

Hardway, Harwell, Smith & Gwin, of Houston, for appellants.

Ernest A. Knipp and Knipp, Poston & Broady, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Harris County Flood Control District, for the purpose of acquiring by condemnation a tract of 3.885 acres of land as an easement and right of way for a channel for the control of the flood waters of Hunting Bayou. Appellant, W. E. King, owned and occupied ten acres of land of which the land sought to be condemned was a part, and appellant, F. A. Young, held an outstanding lien against the ten acre tract.

Appellee initiated the action by filing an application in the County Court at Law of Harris County for the appointment of special commissioners to fix the value of the land sought to be condemned. The commissioners appointed by the court duly filed their report assessing the damages for the condemnation of said land and appellants filed their objections and exceptions to the report.

In their objections to the report of the commissioners and in their answer in the trial court, appellants alleged that the determination of the governing body of appellee Flood Control District to condemn their land was a sham and a pretense and that the real reason for the condemnation was to change the location of a bridge over Hunting Bayou. They alleged that appellee's action was a clear abuse of discretion and that its determination was arbitrarily made and was based on improper motives. These allegations were stricken from the pleadings by the trial court on appellee's exceptions thereto that the allegations were vague, general, and indefinite, and that they constituted general conclusions of the pleader.

The case was submitted to the jury over appellants' objections on special issues inquiring only as to the value of the land sought to be condemned and the damages to the remainder of the ten acre tract by reason of the condemnation of the easement sought. Judgment was rendered on the verdict of the jury assessing damages in favor of appellants in the amount of $2913.-75. Appellants have based their appeal on the alleged error of the trial court in sustaining appellee's special exceptions and in striking those parts of their pleadings in which they alleged that the determination of appellee's governing body in procuring the condemnation and in determining the amount of the land to be condemned was arbitrarily made; that it was based on improper motives and tainted with fraud, all of which was alleged to have constituted an abuse of the discretion vested in its governing body.

No statement of the facts adduced in the trial court or record of complaints of the admission or exclusion of the evidence offered has been filed in this court. By counterpoints appellees contend that those portions of appellants' pleadings which were stricken by the trial court were conclusions of the pleaders and were insufficient to raise the defense of want of power to condemn. They contend that, in the absence of a statement of facts, this court cannot review the error of the trial court in sustaining appellee's exceptions.

The case of Brazos River Conservation and Reclamation District v. Harmon et al., Tex.Civ.App., 178 S.W.2d 281, 289, writ refused, involved a state of facts similar in all material respects to the facts in the instant case. In that case it was held that the broad grant of power vested in the governing bodies of reclamation districts to determine the amount of land to be taken and the necessity therefor "is limited to the amount of property reasonably necessary for the public use, and that such power may not be exercised where the governing body has clearly abused its discretion."

Quoting with approval from the opinion in the case of Bobbitt v. Gordon, Tex.Civ.App., 108 S.W.2d 234, the Court said: " 'Their acts "in the exercise of an honest discretion, must be respected when untainted by fraud and unassailed on account of accident or mistake occurring in their performance, or such abuse of discretion as under the authorities would avoid the same." ' "

In 29 C.J.S., Eminent Domain, § 89, page 882, it is said that: "Generally, a determination by the grantee of the power is conclusive and is not subject to judicial review, in the absence of fraud, bad faith, or clear abuse of discretion."

In 18 Amer.Juris., Sec. 333, p. 975, under the subject of "Eminent Domain", it is said:

"In considering the application of the 14th Amendment to cases of expropriation of private property, the question what is a public use is a judicial one. When properly presented, the courts have the ultimate power and duty to determine the question as to whether a particular improvement attempted to be made under the statute is in fact for a public or a private use; in other words, whether it is such a project as the statute contemplates and authorizes. The legislation defining and granting such power must be strictly construed in favor of the property owner and those asserting the power must be confined within the legislative grant. The question whether the taking is for a public use, being one of jurisdiction, may be raised and determined at any stage of the proceedings."

In 12 Amer.Juris., Sec. 658, p. 347, it is said:

"The condemnation of private property for public use beyond the power conferred by the statute under which the condemnation is sought amounts to a deprivation of property without due process of law. * * * Condemnation for a non-public use is a denial of due process, even though accompanied by full compensation to the owner."

Appellee Flood Control District was created by act of the 45th Legislature, under H.B. 1131, Acts of 1937, c. 360, Vernon's Ann.Civ.Stats., art. 8194 note, as a conservation and reclamation project. Pursuant to the authority granted under said act, the governing body of the District, the Commissioners' Court of Harris County, Texas adopted plans for improvement of Hunting Bayou, which included the construction of a bridge across the bayou.

As heretofore stated, appellants, both in their objections to the award of the commissioners appointed by the court and in their answer in the trial court, alleged that the real purpose of the governing body of the District in seeking to condemn their land was to construct a new bridge across Hunting Bayou and that by doing so the drainage of the adjoining land would be obstructed and the erosion increased. They alleged that these facts were known to the governing body of the District and its engineer and that such actions by appellee constituted an abuse of discretion and established the fact that the purposes for which the land was sought to be condemned were in excess of the District's power and the determinations were arbitrarily made and were based on improper motives.

Appellants rely upon the decision of the case of Kessler v. City of Indianapolis et al., 199 Ind. 420, 157 N.E. 547, 549, 53 A.L.R. 1, in support of their contention that they are entitled to show by extraneous evidence that the true purposes of the condemnation proceeding in this case were not stated by appellee Flood Control District's governing body in its statement of the purposes for the condemnation proceeding.

In that case, the City of Indianapolis had passed a resolution for the condemnation of

appellant's property for park purposes. Appellant, in his answer, alleged that, while the proceeding was regular on its face, the City was attempting to take his property for the purpose of giving a certain individual access to a highway. The City contended, as in the instant case, that its motives could not be inquired into in the absence of fraud. The Supreme Court of Indiana in its opinion held that the inquiry of the courts should not have been limited to a consideration of whether the "use" for "park purposes"—which the City had assigned in its condemnation proceedings as the use to be made of the property,—was a public use, but that a consideration should have been had of all the surrounding facts and circumstances for the purpose of showing what actual and real use was to be made of the property.

In its opinion the court said: " * * * 'We do not deny that the city has power to widen streets, generally, and that when it has undertaken to do so the motives that may have actuated those in authority are not the subject of judicial investigation; but the purpose for which a thing is done is very different from the motives which may have actuated those by whom it is done, and is, in the present instance, a legitimate subject of judicial investigation, for the right to exercise the power of eminent domain is in all cases limited by the purpose for which it shall be exercised,—as thus private property may be condemned for public use, but it may be shown that the use in fact is not public, but private.' "

■ Under the above authorities, the rule seems to be that the Legislature has conferred on reclamation and drainage districts the power to acquire by condemnation the rights and interests in land, including the rights to relocate the roads and build bridges necessary to carry on the work for which the district was created, but the powers granted to condemn land are limited to the amount of property reasonably necessary for the public use, and that, while the actions of the governing body of a condemnor are not subject to judicial review in the absence of fraud or bad faith, such powers may not be exercised where it has been alleged and established by competent evidence that the governing body of the district has clearly abused its discretion.

The question then presented is whether appellants have adequately plead and should have been permitted to prove by competent evidence facts and circumstances which, if established, would have proven that appellee had sought to condemn more land than was reasonably necessary for public use and whether appellee's governing body had clearly abused its discretion in the exercise of its power of condemnation.

■ In determining whether a pleading is subject to the special exception that it is a conclusion of the pleader or is evidentiary it must be shown that the opposing party who has excepted to the pleading has not had fair notice of the facts on which the pleading is based. Rule 45, Texas Rules of Civil Procedure.

In the instant case it is undisputed that appellee is familiar with the facts relied on by appellants since in a previous trial of the case on its merits which resulted in a jury verdict against appellee's right to condemn this property a new trial was granted by the trial court.

■ Further, the courts of this state have uniformly held that the rules of pleading do not require but have uniformly condemned the practice of pleading the evidence upon which a party relies to prove the allegations of his pleadings. San Antonio Light Publishing Co., v. Lewy, 52 Tex.Civ.App. 22, 113 S.W. 574, writ refused.

Appellee's contention that, in the absence of a statement of facts, this court must, in support of the trial court's judgment, presume that, on the trial of the case, appellee made proof of all necessary facts showing its right to condemn the easement sought to be acquired and that any competent evidence offered by appellants which tended to rebut that proof was admitted in evidence cannot, we think, be sustained under the record in this case.

■ The rule relied upon by appellee is, we think, limited to errors involving the sufficiency of evidence to sustain the findings of a trial court where there is no record of the court's errors. A different rule applies where, as in the instant case, the trial court has struck the pleadings upon which

appellant relies and he is denied a predicate for the offer of evidence in support thereof.

In the case of Miller v. Nigro, Tex.Civ. App., 230 S.W. 511, 514, the court, under a similar state of facts, in its opinion said: "The appellees insist in this court that, inasmuch as there is no statement of facts, that the exceptions to the pleadings cannot be considered or sustained in this court, as no injury can be certainly ascertained or found. When the court struck out this answer he, of course, precluded the introduction of any testimony upon that issue, and a statement of facts would not show the proof of that question. If the pleadings were true, appellants were entitled to show their damages by reason of the false statement as to the condition of the building, and to introduce evidence to that effect."

The recent case of Minus v. Doyle, 141 Tex. 67, 170 S.W.2d 220, 223, involved a partition action brought by the stockholders of a dissolved corporation. Minus answered by a cross-action setting up certain claims for taxes paid on the land and other expenditures. Special exceptions to the answer were sustained on the ground of misjoinder of causes of action and the statute of limitations. In a trial before the court judgment was rendered that the corporation owed no debts then enforceable. In reversing and remanding the case the Commission of Appeals said, "The further suggestion is made that Minus waived the matter by his failure to offer any testimony on his cross action. We cannot see how he could offer testimony on a pleading which the court had dismissed. Temporarily the doors had been closed to him on that matter. Certainly no waiver could arise from his failure to offer testimony on issues which the court had erroneously said were not before it. * * * It is urged that Minus had the use of the land for several years without paying any rental and that he is in fact indebted to his cotenants. However that may prove to be, we must here take his allegations as true. He is entitled to his day in court and has not yet had it."

In the case of Leonard v. Jackson, Tex. Civ.App., 19 S.W.2d 800, 802, under a similar state of facts, the court said "* * * Under the ruling of the court, the presumption must be indulged that the court permitted no evidence that would have established the pleas stricken out by exceptions. In fact, there was left no pleading as a basis for such evidence. These pleas were the only valid defenses presented, and hence the effect of the court's ruling was to take away from plaintiff in error the only defense she could make to the suit, and thereby destroy the only basis for defensive testimony."

 It follows, we think, that the trial court erred in refusing to allow appellants to adequately plead and to prove by competent evidence their defenses, if any, to appellee's suit for condemnation of their land. Therefore, the judgment of the trial court will be reversed and the cause remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.