## MUSTANG AVIATION, Inc. v. RIDGWAY.

### No. 14236.

Court of Civil Appeals of Texas. Dallas.

June 9, 1950.

Rehearing Denied June 30, 1950.

Robert C. Johnson, Dallas, for appellant.

Phinney, Hallman, Reed & Holley, Dallas, for appellee.

CRAMER, Justice.

Appellee, plaintiff below, brought this suit against appellant to recover damages for the loss of an airplane owned by him and stored with appellant. Appellee's pleading alleged, (a) an offer by appellee, (b) an acceptance by appellant; (c) delivery of the airplane to appellant, (d) demand for its return, and (e) appellant's failure to return the airplane.

Appellant answered by denying the bailment, contending (a) that it had only rented an individual hangar to appellee for parking space, (b) that it had never converted, or adversely claimed, the airplane, and (c) that the plane had been completely destroyed by fire February 5, 1947.

Appellee had originally pled counts of negligence on part of appellant but after the court sustained exceptions to the effect that the allegations were to general, the court, on motion of appellee, permitted him to withdraw such counts and proceeded to trial solely on the count for breach of the contract of bailment and the defense above set out by appellant. Trial was to the court and at conclusion of testimony judgment was entered in favor of appellee for $4,000 plus 6% interest from February 5, 1947, costs, etc., and this appeal, by proper procedure thereafter, is now regularly before us for review.

Appellant's assignment 1 and 2 will be considered together. They are in substance that the trial court erred in (1) rendering judgment for appellee on the ground that appellant failed to return the airplane, it being undisputed that the plane was completely destroyed by fire, and no negligence on part of appellant was pled; (2) because it was undisputed that the airplane was destroyed by fire before its return was demanded and there was no evidence of negligence on part of appellant.

The evidence was that several of appellant's "T" hangars, including the one used by appellee, were destroyed by the same fire which destroyed appellee's airplane; that it was impossible for appellant to redeliver the plane to appellee. Under such record, by said assignments, appellant asserts that it is entitled to judgment. Appellee asserts in reply that such testimony fails to answer his case, based on his evidence that he delivered the airplane to be kept by appellant for a consideration; that when redelivery was demanded, appellant

failed to return the plane and further failed to affirmatively explain its failure by showing that such failure was not occasioned by its own negligence, the burden of appellee's contention being that it was not necessary for him to allege or prove negligence on the part of appellant in connection with the fire, but rather that it was appellant's duty to show that it was free of negligence.

The question involved here, in our opinion, has been settled by the authorities in favor of appellant; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex.Com.App., 265 S.W. 133; and by this Court in Ablon v. Hawker, Tex. Civ.App., 200 S.W.2d 265, 267, where Chief Justice Bond stated: "We think it is settled in this State that in suits on contracts of bailment for hire, where the property is lost or damaged by fire or theft, no presumption of negligence is imputed to the bailee, and that the burden of proof to show bailee's negligence resulting in such loss or damage, rests on the bailor. (Citing authorities.) * * * Negligence in fire, theft, storm or accident cases, is never presumed, and the mere happening of damage by such means is no evidence of negligence. (Citing authorities.)" It is true that on rehearing the majority of this Court affirmed the judgment for bailor against bailee, but the majority agreed with the Chief Justice on the placing of the burden of proof on the issue of negligence, —the important and controlling question here. The only disagreement on rehearing was on the sufficiency of the evidence on the issue of negligence.

This Court also passed on the question in Tubbs v. American Transfer & Storage Co., Tex.Civ.App., 297 S.W. 670, 671 (error expressly refused), a warehouse case, in which Chief Justice Jones stated: "* * the Uniform Warehouse Receipts Act, declaring that 'a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care,'

is but declaratory of the common law as applied to the duty of warehousemen. Whittington v. Cameron Compress Co. (Tex.Civ.App.) 268 S.W. 216; Cameron Compress Co. v. Whittington (Tex.Com. App.) 280 S.W. 527; annotations in 16 A. L.R. 280, Texas cases, 282. The rule is well settled by these cases that a warehouseman is not an insurer of the property in his custody against fire, but is responsible for loss or injury from this cause only in case of failure on his part to exercise ordinary care to prevent damage to, or destruction of, the property in storage from such cause. This duty, as to the exercise of ordinary care, extends, not only to' the means employed to prevent a fire, but also to means employed to arrest its progress after its origin. It is an admitted fact in this case that whatever damage was occasioned appellant was due to a fire that virtually consumed appellee's warehouse and its contents. The burden of proof rested on appellant to show that the damage he suffered was the proximate result of the failure of appellee to exercise ordinary care to prevent such destruction of the property in its custody."

Appellee relies on the case of Rhodes v. Turner, Tex.Civ.App., 171 S.W.2d 208, 211, mandamus refused by Supreme Court with written opinion, 141 Tex. 478, 172 S.W.2d 972. This case is distinguishable. It was an appeal from the county court. The parking lot in question where the automobile was parked was attended by only one employee who, according to the evidence, was unable to keep a sufficient lookout for the automobiles under his care on the lot, to discover a car being removed by an outsider. The court there said: "We see no merit in the contention; and we see no merit in the second point urged under the second issue raised, to the effect that the evidence discloses that the thief could have slipped into the lot and driven the car off whether or not a proper lookout was maintained, and that this negatives, as a matter of law, the existence of proximate cause. We are here dealing with negligence because of the omission to perform a duty and not with negligence in the commission of some act. Taking all of the facts disclosed by the evidence and the statements

made by the negro attendant, we cannot say that there is not a scintilla of evidence to support the trial court's finding that the employee did not keep a proper lookout for the safe-keeping of plaintiff's car. The mere fact that the defendant testified that it was possible for a thief to sneak upon his parking lot and get in a car and drive it from the premises even when his attendant was watching the cars and that this could be done and his attendant could not prevent it, does not, as we see it, relieve the defendant of his responsibility and negative the existence of proximate cause as a matter of law."

The bailor expressly pleaded negligence and proximate cause and such issues were found in his favor by the trial court.

Appellee states that the quotation in the Supreme Court opinion on the application for mandamus to certify, to wit: "From the facts stated in the majority and dissenting opinions we are of the opinion that the case turns upon the sufficiency of the evidence to support the judgment, a matter over which this Court has no jurisdiction. It follows that this case presents no question of law to be certified under the provisions of said Rule 463. Furthermore, there is nothing in the petition for writ of mandamus, or in such of the record as has been brought up in connection therewith, that leads us to believe that the majority opinion is incorrect", approves the Court of Civil Appeals' holding (on rehearing) as follows: "In this case the property was delivered to the bailee to be kept by him and redelivered to the bailor for certain hire and reward. When the bailee failed to redeliver the car upon demand, the burden then rested upon him to explain his failure to return the property, and that such failure was not occasioned by his negligence." We are of the opinion that such was not the Supreme Court's holding. The issue of negligence and proximate cause having been found against bailee, and there being some evidence to support such findings of fact, the Supreme Court, we feel, merely held that the judgment rendered was a correct one.

Appellee having deleted from his petition all allegations of negligence on part of appellant, and having based his case solely on the theory above stated, and not being entitled to recover on such theory, the trial court should have rendered judgment for appellant.

What we have said above makes the other assignments immaterial and they will not be further reviewed.

The judgment below is reversed and judgment is here rendered that appellee recover nothing by his suit.

Reversed and rendered.