KEEL et ux. v. KILGORE. TRANSFER & STORAGE CO.
No. 6561.

Court of Civil Appeals of Texas.
Texarkana.

March 8, 1951.

Rehearing Denied March 29, 1951.

which resulted in a verdict favorable to appellee and judgment was accordingly entered for it.

Appellants' first point asserts that "appellee being the bailee is liable for the loss of goods where it agrees to store same in a specific place and stores them elsewhere without the bailor's consent irrespective of negligence."

The warehouseman's receipt or contract issued to appellants by appellee shows that appellants' household goods were stored in the "new warehouse" in the first instance on May 31, 1948. They were removed from the "new warehouse" in July or August to the "Watson warehouse" which was under lease by appellee. The reason for the removal as stated by appellee's manager, was that appellee's lease on the "new warehouse" had expired. Appellee's manager testified further that he wrote a letter to appellants informing them of the removal of their property to the "Watson warehouse." The letter was not returned. Some time after the letter had been mailed, appellants' son who still resided in Kilgore, called appellee's manager on the phone and said "he did not know what his mother would do about it (the removal of the property to the 'Watson warehouse'), * * said he would let her know." Appellant, Mrs. Keel, testified with respect to her knowledge of the change of the place of storage of her property, as follows:

"Q. And you moved to Louisiana? A. Yes, I did.

"Q. Down on a lake down there? A. I sure did.

"Q. All right, and when was the first time you came back to Kilgore? A. Oh, I couldn't recall the dates that I came back because his father was ill at the time and we came back quite often.

"Q. Now, whose father was ill? A. Mr. Keel's father.

"Q. All right, you drew out a chest of drawers from the warehouse? A. Yes sir, I sure did.

"Q. You got that in September, didn't you? A. Yes sir, I sure did.

D. S. Meredith, Jr., Perry R. Meredith and Marcus F. Vascocu, Longview, for appellants.

Wynne & Wynne, Longview, Bean & Ford, Kilgore, for appellee.

HALL, Chief Justice.

This is a suit by appellants against appellee for damages to household goods resulting from a fire. The household goods were stored under a written contract for hire with appellee. Trial was to a jury

"Q. All right. Now, when you came back in September to pay up, you found that your goods had been put down in the warehouse that they had rented from Mr. Watson? A. Yes.

"Q. And you went down to that Watson warehouse and got a chest of drawers out? A. I sure did.

"Q. All right, you also got a platform rocker out of that warehouse. A. I sure did.

"Q. All right, and you got an ironing board out? A. I sure did.

"Q. And at that time you paid them the rent for three months, didn't you? A. I sure did.

"Q. All right. A. I owed it to them.

"Q. Huh? A. I owed them the rent.

"Q. That's right, and you paid them what you owed them? A. I sure did.

"Q. You owed them three months' storage and then you went back in December and paid them three more months' storage, that's right, isn't it? A. Yes.

"Q. All right. Now, at the time you paid them the September storage, you got your stuff out of this Watson warehouse and at the time you paid them the December storage you knew your goods were down in the Watson warehouse, didn't you? A. I did.

"Q. All right. The last six months' storage that you paid you knew your goods were stored in the Watson warehouse? A. The last three months.

"Q. Well, you paid in September, that was three months, then you paid three more months in December, that was six months. You got your stuff out in September, didn't you? A. Yes, I did.

"Q. Now, the fire was in March, wasn't it? A. Yes, it was.

"Q. All right, that was September, October, November, December, January, February and a part of March that you knew that your goods were stored down in the Watson warehouse, that's correct, isn't it? A. Yes.

"Q. Please don't nod, this lady can't get it. I can see it but she can't get it, you see. A. Yes.

"Q. All right. Now then, Mrs. Keel, you were handling these affairs for you and Mr. Keel? A. Yes, I sure was."

On March 24, 1949, fire destroyed the Watson warehouse and damaged appellants' household goods.

At the end of the schedule of stored articles in the warehouse contract is the statement: "We do not carry insurance on your goods."

Appellants' contention under this point is that the storage contract expressly required appellee to store their goods in the new warehouse and that the act of appellee in removing the goods from the original place of storage to the Watson building without the knowledge and consent of appellants renders it liable to appellants for damages to their property, regardless of whether appellee was negligent or not.

■■■■ Appellants' contention is a correct one as an abstract proposition of law. Thornton v. Daniel, Tex.Civ.App., 185 S.W. 585; Foote v. DeBogory, Tex.Civ. App., 179 S.W.2d 983; Ricks v. Smith, Tex.Civ.App., 204 S.W.2d 12; Seal v. White, Tex.Civ.App., 217 S.W.2d 38. But the facts developed in this case pose a different situation from that contended for by appellants, as shown by the testimony of Mrs. Keel, set out above, which statements are in all particulars corroborated by appellee's manager. Granting, then, that the storage contract expressly required appellee to store the goods in the new warehouse and that they were moved to the Watson building without appellants' knowledge and consent, we think the undisputed testimony of Mrs. Keel corroborated as it is by appellee's manager, establishes as a matter of law that she waived the provision in the storage contract to store the goods in the new warehouse. Miller v. Deahl, Tex.Civ. App., 239 S.W. 679 (writ refused); Champion Spark Plug Co. v. Automobile Sundries Co., 2 Cir., 273 F. 74; 56 Am.Jur., Sec. 23, p. 126; 67 C.J., Sec. 13, p. 312; 27 R.C.L., Sec. 7, p. 912. It was not ne-

cessary for appellee to do any act to make appellants' waiver of the place of storage complete. "Waiver, strictly speaking, is essentially unilateral in character; * * * it results as a legal consequence from some act or conduct of the party against whom it operates; and no act of the party in whose favor it is made is necessary to complete it." 67 C.J., Subsec. 3, p. 298. It need not be founded upon a new agreement or be supported by a consideration, nor is it essential that it be based upon an estoppel. So the waiver by appellants of the place of storage being complete as a matter of law it became necessary for them to establish negligence on the part of appellee, concerning the fire, and that such negligence was a proximate cause of their damages before they could recover against appellee. Art. 5632, Vernon's Annotated Civil Texas Statutes. And it would make no difference as to the liability of appellee for damages that it inserted in the warehouse receipt or contract that the appellants' goods "shall be stored at the owners' risk of damage by fire," etc. This did not relieve appellee of its negligence. Exporters & Traders Compress & Warehouse Co. v. Hemphill, Tex.Civ.App., 292 S.W. 599; Exporters & Traders Compress & Warehouse Co. v. Bargainer, Tex.Com. App., 45 S.W.2d 563. The jury found that appellee was negligent in only one respect—that of failing to provide firefighting equipment for the Watson building, but that said negligence was not a. proximate cause of the damages to appellants' household goods. The jury found also that appellants were negligent in not "providing insurance upon the household goods," but that such negligence was not a proximate cause of their damages. These findings by the jury, in our opinion, preclude appellants' right of recovery in this case.

■ We have examined carefully the other points advanced by appellants and we find no merit in them requiring a reversal in this case. However, "No other judgment than the one in favor of the petitioners could have been rendered by the trial court on the verdict and the (other) errors complained of, if any, are therefore

harmless." Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, 342, and cases there cited.

The judgment of the trial court is in all things affirmed.