**H. O. DYER, INC., Appellant,**

v.

**Shade E. STEELE, Appellee.**

**No. 16003.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 21, 1972.

Rehearing Denied Jan. 26, 1973.

Tipton & Bishop, George M. Bishop, Houston, for appellant.

Robert F. Hyatt III, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment awarding appellee recovery for the damages he sustained when his automobile was stolen from a parking lot operated by appellant.

In the original petition plaintiff alleged that the car was parked in the defendant's parking lot; that the car was stolen from the lot; "that said theft referred to and the damages resulting therefrom were proximately caused by negligence on the part of the defendant . . . not providing proper protection for plaintiff's car while under the bailment contract."

The defendant specially excepted to the petition for the reason that it did not state any specific grounds of negligence. At a pre-trial hearing the judge presiding sustained this exception. Appellee then filed an amended petition alleging a contract of bailment by which appellant for a fee undertook to provide storage for the vehicle, refusal to deliver the vehicle on demand, and damages. At the trial theft was stipulated. After plaintiff (appellee) rested, appellant moved for an instructed verdict on the ground that there was neither pleading nor evidence of negligence. The trial judge then permitted the plaintiff to file a trial amendment in substantially the language of his original petition. The attorney for appellant objected to this action. After a discussion which was not reported, the trial court stated that the objection made in the form of special exceptions to the tendered trial amendment was denied; that leave to file the amended petition was granted; and that the motion for directed verdict was overruled. The defendant then requested and was granted leave to file a trial amendment in answer to that filed by the plaintiff.

The appellant then put on his evidence at the conclusion of which the cause was submitted to the jury on special issues. The jury found that H. O. Dyer, Inc., its agents, servants or employees, "failed to keep such lookout for the custody of plaintiff's car as would have been kept by a person using ordinary care," and that such failure was the proximate cause of the theft in question. No contributory negligence was found, and the amount of damage was stipulated.

■ Where chattels are delivered to a bailee in good condition and are returned in a damaged state, the law presumes the bailee's negligence or other fault to be the cause and places on him the duty of producing evidence of some other cause consistent with due care on his part. The burden of proof is on the bailor throughout the trial. The presumption, if not rebutted, supplies this proof. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157 (1951).

■ The basis for the imposition of liability on the bailee in such cases is negligence. In the case of a bailment for the mutual benefit of the parties the bailee is under a duty to use ordinary care to prevent the loss of or damage to the property of the bailor. Mustang Aviation, Inc. v. Ridgway, 231 S.W.2d 677 (Tex.Civ.App.—Dallas 1950, err. ref.); Ryan v. Schwab, 261 S.W.2d 605 (Tex.Civ.App.—Ft. Worth 1953).

■ Once it is established that the loss or damage to the bailed property resulted from fire or theft the presumption of negligence on the part of the bailee disappears from the case. The burden of securing findings of fact establishing negligence and proximate cause remains with the bailor. Allright, Inc. v. Brubaker, 473 S.W.2d 593 [Tex.Civ.App.—Houston (14th) 1971]; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, 265 S.W. 133 (Tex. Com.App., Sec. A, 1924).

■ At the conclusion of the plaintiff's case, there was no allegation of negligence in the plaintiff's pleading. It had been established that appellee's car was stolen. In his motion for directed verdict appellant relied on the absence of pleading and proof of negligence. Since there could be no recovery in the absence of jury findings of negligence and proximate cause, pleadings on which such issues could be predicated were required. Rule 279, Texas Rules of Civil Procedure.

■ The trial court did not err in permitting a trial amendment. Where a defect, fault or omission in a pleading is called to the attention of the court during trial, Rule 66, T.R.C.P., admonishes the court to freely allow trial amendments when the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense on the merits. Norwood Building v. Jackson, 175 S.W.2d 262 (Tex.Civ.App.—Waco 1943, err. ref.); Adolphus Garage v. Nelson, 387 S.W.2d 472 (Tex.Civ.App.—Tyler 1965). Ordinarily the allowance of a trial amendment under such conditions will not result in a reversal on appeal in the absence of a plea of surprise and a request for postponement or continuance. Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd, n. r. e.).

■ In this case, however, appellant complains that the pleading is not sufficiently specific as to the ground of negligence alleged. This objection was made when the trial amendment was offered. The trial court failed to sustain the objection. Rule 47, T.R.C.P., provides that a pleading which sets forth a claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Rule 45, T.R.C.P., provides that pleadings shall consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

By his trial amendment plaintiff alleged that the theft of the car and the damages resulting therefrom "were proximately caused by negligence on the part of the defendant, its agents, servants and employees in not providing proper protection for plaintiff's car while under the bailment contract."

If it be conceded that the pleading is impermissibly broad judged by the standards

applied by the courts in automobile collision cases, we are not persuaded that it fails to give fair notice of the claim involved. King v. Harris County Flood Control District, 210 S.W.2d 438 (Tex. Civ.App.—Galveston 1948, writ ref'd, n. r. e.); Alexander v. Byrd, 309 S.W.2d 952 (Tex.Civ.App.—Eastland 1952). See Adolphus Garage v. Nelson, supra; Big D Auto Auction, Inc. v. Hightower, 368 S. W.2d 881. (Tex.Civ.App.—Eastland 1963).

■ Appellant has failed to show an abuse of discretion on part of the trial court. The pleading was sufficient to support the special issue submitted to the jury, and the evidence supporting the jury's answer was received without objection. " . . . Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings . . . and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not be disturbed. No injury is shown. . . ." Southern Underwriters v. Hodges, 141 S.W.2d 707 (Tex.Civ.App. —Waco 1940, err. ref.).

■ On February 12, 1971, the appellant sent appellee eight legal size pages of interrogatories. Appellee properly answered. Another set of interrogatories was served on appellee. Many of these questions were repetitious. When a timely answer was not filed, appellant filed a motion to compel answers, and appellee filed objections to the interrogatories. After a hearing the trial court found that the appellant had sent an excessive number of interrogatories and required appellant to pay costs to appellee in the sum of $200.00, and denied the motion to compel answers. Another order was entered denying any further discovery.

These orders of the trial court are authorized in a proper case by Rules 168 and 186b, T.R.C.P. The orders were entered by the court after a full hearing and after considering the particular questions involved. It is apparent that the trial court considered that many of the interrogatories

were immaterial, and that others were repetitious, and concluded that harassment was shown. An abuse of discretion on part of the trial court does not appear.

Affirmed.