D & D ASSOCIATES, INC., Appellant,

v.

SIERRA PLASTICS, INC. d/b/a Texas Plastics Industries, Appellee.

No. 5915.

Court of Civil Appeals of Texas, Waco.

Aug. 3, 1978.

Rehearing Denied Sept. 7, 1978.

Charles W. Holt, Jr., Law Offices of Ralph M. Hall, Rockwall, for appellant.

Bob Burleson and Geoffrey A. FitzGerald, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff D & D from an order granting defendant Sierra's plea of privilege.

Plaintiff D & D sued defendant Sierra in Coryell County seeking compensation for plaintiff's personal property which was in defendant's custody, and which was destroyed by fire in defendant's plant in Coryell County. Defendant filed plea of privilege to be sued in Midland County, the county of its residence. Plaintiff controverted asserting venue maintainable in Coryell County under Subdivision 9a and 23, Article 1995 VATS. The trial court granted defendant's plea of privilege and ordered the case transferred to Midland County.

The record establishes and the trial court found:

Defendant is a resident of Midland County; but operated a plant in Coryell County which was destroyed by fire September 15, 1977.

The parties made an oral agreement prior to the fire for defendant to manufacture plastic water meter boxes for plaintiff. Pursuant to such agreement plaintiff furnished defendant with plans and specifications and paid defendant to make a mold to be used by defendant to manufacture the meter boxes; at an agreed price per box; defendant constructed the mold at its Coryell County plant and used it to make the meter boxes. And pursuant to the agreement plaintiff furnished defendant raw materials to make the meter boxes, which when made were shipped by defendant at plaintiff's direction to plaintiff's customers. The parties agreed defendant would be liable for the mold if it was destroyed thru defendant's negligence; and at termination of the meter manufacturing agreement defendant was to return the mold to plaintiff. There was no agreement as to liability for the raw materials. The mold and raw materials not converted to meter boxes were in defendant's plant when it was destroyed by fire. Defendant notified plaintiff of the fire; plaintiff requested compensation for the materials lost in the fire; defendant has not compensated plaintiff. There is no evidence of negligence of defendant or its employees causing the fire.

The trial court concluded that no bailment existed; that the parties having agreed defendant would be liable for loss of the mold only if defendant were negligent expressly rebuts any presumption of negligence; that presumption of negligence was rebutted by proof the loss was caused by fire, and plaintiff proving no negligence failed to prove a cause of action under Subdivision 9a or 23, Article 1995 in Coryell County.

Plaintiff appeals on 19 points which we summarize into 3 contentions.

Contention 1 asserts the trial court erred in concluding that no bailment existed as to the mold and unused raw materials.

The elements of a bailment are: 1) delivery of personal property from one person to another in trust for a specific purpose with a contract express or implied that the trust will be carried out and the property returned or duly accounted for to the bailor. *Bell v. Ramsey,* (Waco, Tex.Civ.App.) NWH, 284 S.W.2d 244; 8 Am.Jur.2d p. 906.

A further characteristic of a bailment is the obligation of the bailee to restore the subject of the bailment in the same or an altered form or to account therefor. 8 Am. Jur.2d p. 920.

And a bailment may be defined as delivery of goods for some purpose on a contract, express or implied, whereby after the purpose has been fulfilled, the goods are to be redelivered to the bailor or dealt with according to his directions. 7 Tex.Jur.2d p. 713.

■ And broadly speaking, every bailment contract contemplates return of the property bailed, either in the same or altered form, or its delivery to a third person with the express or implied consent of the bailor. 8 C.J.S. Bailments pp. 455, 456.

■ The undisputed facts establish that while plaintiff and defendant made a contract that defendant manufacture meter boxes for shipment to plaintiff's customers; nevertheless, the contract required defendant to return plaintiff its mold at the conclusion of the manufacturing agreement; and required defendant to transfer the raw materials into meter boxes and ship same to

plaintiff's designees. Under the rules, supra, a bailment existed as to the mold and the unfabricated raw materials.

Contention 1 is sustained.

Contention 2 asserts the trial court erred in concluding that any presumption of negligence is rebutted by the oral contract.

■ The parties agreed defendant would be liable for the mold if it be lost or destroyed by defendant's negligence. Such agreement does not rebut any presumption of negligence. Parties may by contract enlarge or limit the liability of the bailee by law, but the parties' contract here did not enlarge or limit such liability.

Contention 2 is sustained.

■ Contention 3 asserts the trial court erred in concluding that the presumption defendant was negligent was rebutted by proof of loss by fire.

It has long been the law in Texas that in bailments for mutual benefit as here, that when a bailor proves property is delivered to the bailee in good condition and the bailee fails to return it in such condition, that a rebuttable presumption of negligence on the part of the bailee exists, and that the bailor has established a prima facie case of liability. *Trammell v. Whitlock,* 150 Tex. 500, 242 S.W.2d 157.

But such presumption of negligence disappears and does not exist when evidence is adduced the bailed property was destroyed in a fire and in such situation the burden is on the bailor to establish negligence on the part of the bailee. 7 Tex.Jur.2d p. 755. *Exporters' & Traders' Compress & Warehouse Co. v. Schulze,* Tex.Com.App., 265 S.W. 133.

Plaintiff asserts that the presumption of defendant's negligence does not disappear by a showing of fire and that such exception no longer exists in Texas, citing *Buchanan v. Byrd,* Tex., 519 S.W.2d 841; *Classified Parking Systems v. Dansereau,* (14 Houston, Tex.Civ.App.) NWH, 535 S.W.2d 14; and *Jalco, Inc. v. Tool Traders, Inc.,* (1 Houston, Tex.Civ.App.) NWH, 535 S.W.2d 898.

The rule that the presumption of negligence disappears when a showing is made that the bailed property was destroyed by fire, thus requiring the plaintiff to prove negligence by bailee, was announced in Texas as early as 1883 in *T & P Ry. Co. v. Morse,* Tex.Civ.App., 1 White & Civ.Cas.Ct. App. § 411 p. 183. See also 44 ALR3d p. 185 which lists 17 Texas cases so holding.

We review some of the cases:

*Exporters' & Traders' Compress & Warehouse Co. v. Schulze,* Com.App., supra in 1924, in a bailments for mutual benefit case, holds: that "when the warehouse company showed that the cotton had been destroyed by fire, it then relieved itself of showing the fire was not caused by its negligence, but that the burden then rested on plaintiff to show that the fire was the result of negligence of the warehouse company or its employees".

*Tubbs v. American Transfer & Storage Co.,* (Dallas, Tex.Civ.App.1927) *Er. Refused* 297 S.W. 670, a mutual benefit bailment case, holds in action by bailor against bailee for goods lost by fire, the burden of proof rested on bailor to prove negligence on the part of bailee.

*Minerva Mercantile Co. v. Cameron Compress Co.,* (Austin, Tex.Civ.App.1929) *Er. Refused,* 15 S.W.2d 62, a mutual benefit bailment case, holds in action by bailor against bailee for goods lost by fire, bailor had burden of establishing defendant's negligence.

*Callihan v. Montrief,* (Fort Worth, Tex. Civ.App.1934) *Er. Refused,* 71 S.W.2d 564 in a case of bailment for exclusive benefit of bailee reaches a contrary result, but expressly holds "If the bailment had been for the joint benefit of [parties] * * [the decision of the Commission of Appeals in *Exporters' & Traders' Compress & Warehouse Co. v. Schulze,* supra] would have been controlling".

*Mustang Aviation, Inc. v. Ridgway,* (Dallas, Tex.Civ.App.1950) *Er. Refused,* 231 S.W. 677, a mutual benefit bailment case, citing *Schulze* holds "in suits on contracts of bailment for hire, where the property is lost or damaged by fire or theft, no presumption

of negligence is imputed to the bailee, and that the burden of proof to show bailee's negligence resulting in such loss or damage, rests on the bailor."

*Keel v. Kilgore Transfer & Storage Co.,* (Texarkana, Tex.Civ.App.1951) *Er. Refused,* 238 S.W.2d 738, a mutual benefit bailment case, holds plaintiff bailor must establish negligence on the part of bailee when it was proved that bailed property was destroyed in a fire.

*Trammell v. Whitlock,* 1951, 150 Tex. 500, 242 S.W.2d 157, in a case involving a cargo trailer which was returned to the bailor in damaged condition, resulting from a wreck, applied the general rule that the bailor makes a prima facie case of defendant's negligence when he establishes bailed property not returned or returned in a damaged condition, rejected extension of the fire exception to that case; but *expressly* reaffirmed the fire exception as established in *Schulze* and *Mustang Aviation,* but limited application of such exception to fire cases.

*Irish v. Virdell,* (Austin, Tex.Civ.App. 1964) *Er. Refused,* 379 S.W.2d 935, a mutual benefit bailment case, holds when bailor proves property was delivered to bailee in good condition and bailee fails to return it in similar condition, a presumption of negligence of bailee exists, *but* when bailee proves the property was destroyed by fire, the burden shifts to bailor to prove negligence on the part of bailee.

*McElroy v. General Texas Asphalt Company,* (Waco, Tex.Civ.App.1968) NRE, 427 S.W.2d 719, a mutual benefit bailment case, holds that when the bailee shows that the bailed property is destroyed by fire, the burden is on bailor to establish negligence on the part of bailee.

In 1975 our Supreme Court in *Buchanan v. Byrd,* supra, in a case involving bailment loss of a horse which got out of the bailee's pasture and was killed, cited *Trammell v. Whitlock,* supra, as controlling, and rejected application of the so-called "fire and theft" exception to the loss of the bailed horse, and further stated:

> "The rule applied in Texas in fire and theft cases is contrary to the weight and trend of modern authorities. * * *.

We are convinced that the rule should be reexamined in an appropriate case instead of extending its application to other types of bailment losses".

Following and citing *Buchanan* the 14th (Houston, Tex.Civ.App.1966) in *Classified Parking Systems v. Dansereau,* 535 S.W.2d 14, NWH, a "theft" case, rejected the "fire and theft" exception, and held that showing a theft of the bailed property did not destroy the presumption of bailee's negligence when he failed to return the bailed property.

And later in 1966 the 1st (Houston, Tex. Civ.App.) NWH, in *Jalco, Inc. v. Tool Traders, Inc.,* 535 S.W.2d 898, a "theft" case citing *Buchanan* and *Dansereau* made a like holding.

*Dansereau* and *Jalco,* both theft cases, are obviously correct since our Supreme Court in *Trammell v. Whitlock,* supra, expressly limited the exception to cases of destruction of the bailed property by fire.

The exception is already limited to "fire" cases, and we are reluctant to reject it in such cases in mutual benefit bailment cases, when it has been expressly approved by our Supreme Court, Commission of Appeals and by 6 "Error Refused" cases.

Contention 3 is overruled.

AFFIRMED.