**ANDREWS et al. v. DANIEL.**

**No. 9971.**

Court of Civil Appeals of Texas. Austin.

May 30, 1951.

Rehearing Denied June 20, 1951.

William C. McDonald, San Angelo, for appellants.

Stoveall & Gibbs, by Chas. M. Gibbs, San Angelo, for appellee.

ARCHER, Chief Justice.

This suit was instituted by Heston C. Daniel, appellee herein, in the County Court of Tom Green County, Texas, against R. H. Andrews and W. L. Smith, individually and doing busines as Yellow Cab Company, to recover damages to his automobile, resulting from a collision between plaintiff's automobile and a car alleged to be a taxicab and owned by the defendants and driven by Billy C. Lawler, their employee, at 12:20 a. m., January 8, 1950, at the intersection of Lipan Street with Paint Rock Road, within the corporate limits of the City of San Angelo, Texas. Plaintiff alleged negligence on the part of the driver of the taxicab in certain particulars, such as driving in excess of 30 miles per hour in the city limits; turning the taxicab to the left of center of the roadway; failing to yield the right of way; operation of the taxicab with defective brakes; failing to keep a proper lookout; doctrine of discovered peril as an alternative plea; set out certain damages, costs of repair; difference in market value and damages for the loss of the use of the automobile; and a total damage of $875.28. Defendants filed exceptions to the

petition and parts thereof, a general denial, and specially denying that they were doing business as Yellow Cab Company, and that Billy C. Lawler was acting within the scope of his employment; a plea of contributory negligence in certain particulars; that the damages alleged were excessive; that the collision was the result of an unavoidable accident.

The trial was to a jury, and in response to special issues the jury found that the defendants were the owners of the vehicle driven by Billy C. Lawler, and that Lawler was employed by defendants and acting in the scope of his employment; was driving at an excessive rate of speed; that this was negligence and the proximate cause of the collision; that Lawler failed to keep a proper lookout, that this was negligence and the proximate cause of the collision; that Lawler failed to exercise ordinary care, and that such failure was negligence and a proximate cause of the damages; and found that the taxicab was equipped with faulty brakes, that this constituted negligence and was a proximate cause of the collision. The jury acquitted the plaintiff of any act of negligence and found that the collision was not the result of an unavoidable accident; and found that the cost of repairing plaintiff's automobile was $344, and that the difference between the value thereof immediately before and after the repairs was $200; and further found that the damages of the plaintiff by reason of being deprived of the use of his automobile was $198.

The appeal is based on 23 points assigned as error. Points 1, 2 and 3 are directed to the error of the court in overruling defendants' 2nd, 3rd, 4th, 5th and 6th special exceptions to the pleadings. Points 4, 5, 6 and 7 relate to the admission of certain parts of the testimony of witnesses; the 8th is directed to error of the court in including in the judgment the sum of $200 as representing the difference in value of the automobile before the collision and after the repairs; the 9th point is that plaintiff should not have been permitted to testify as to repairs claimed because not plead; the 10th is that there was no testimony to support the sum of $344 for costs of repairs; the 11th is that it was error

to permit witness Mrs. Daniel to testify, because her testimony was hearsay. The 12th, 13th, 14th and 15th points are aimed at the error in submitting special issues 1-a, 1-b and 1-c, inquiring if the defendants were the owners of the car driven by Lawler, and if Lawler was an employee of defendants and acting in the scope of his employment; and in failing to submit requested issues Nos. 2 and 3, submitting similar questions as in issues 1-a and 1-b, but omitting the name Lawler; and in failing to give special issues 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14, as requested by defendants, all relating to acts of negligence of the plaintiff in several particulars; and in submitting special issue 18-a, particularly using the name "Billy C. Lawler." The 16th point is to the error of the court in submitting special issue 1 in its form using the name "Billy C. Lawler"; the 17th is that the court did not submit a proper charge on the speed limit over the highways; and the 18th point is directed to the failure of the court to place the burden of proof on the plaintiff on the issue of unavoidable accident.

Assignments 1 and 2 are overruled. The pleading was sufficient to put the defendants on fair notice of the allegation as a whole. The petition, in part, is that: "The defendants' employee failed to keep a proper lookout, then the plaintiff alleges that the defendant is liable to plaintiff for damages under the doctrine of discovered peril, and in this connection plaintiff alleges that the defendants' employee, who was operating said taxicab at the time of the collision in the course of his employment with defendants, discovered the perilous and dangerous position of the plaintiff and his motor vehicle and that after discovering the dangerous and perilous position of said plaintiff and his automobile, and when he actually knew that the plaintiff might not or would not escape from said perilous position, when defendants' said employee had plenty of time to avoid the collision after the discovery of the perilous position of plaintiff by exercising ordinary care, negligently failed to exercise the means then and there at his command to avert said collision with plaintiff when there was plenty of time for him to have done so in

safety to himself and to the taxicab which he was operating.

■ Special issue 7 asked if the plaintiff's automobile was in a perilous position, and the answer was "Yes"; special issue 8 inquired if defendants' employee discovered that plaintiff was in a perilous position, and the answer was that he did; and special issue 9 asked if defendants' employee "discovered the perilous position of plaintiff's automobile within such time and distance that by the exercise of ordinary care, as that term has been defined to you, he could have avoided the collision?" The answer was, "Yes."

The issues were sufficiently submitted. Rule 45, Texas Rules of Civil Procedure; 33 Tex.Jur., p. 436, Sec. 22; Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112.

■ The allegation with reference to the damages to the automobile is "the entire right side of said Buick automobile and entire front end, including hood and fenders, were crushed, torn and dented, and plaintiff has necessarily spent the sum of three hundred forty-five dollars and twenty-eight cents ($345.28) for repairs on same, which amount was a reasonable cost for repairing said automobile," and is sufficient to put the defendants on notice as to the damages claimed and the amount sought and the reasonableness thereof, so as to enable them to defend against either the damages or the reasonableness thereof.

■ The requests in their exception could have been obtained by deposition.

The plaintiff testified that:

"Q. What part of your car was damaged? A. The two doors on the right side were caved in, as well as the sills or posts to which the doors fastened severed, and my right fender was sideswiped and the hood was bent and pushed under the fender on the other side; both fenders were damaged and the hood and front bumper torn and bent.

"Q. What did it cost you to get the car repaired? A. It cost $344.

"Q. Who did the work on the car? A. The A. B. Motor Company Body Shop."

In 33 Tex.Jur., p. 436, Sec. 22, it is said: "In drafting a pleading the ultimate rather than the evidentiary or primary facts should be alleged. It is unnecessary, therefore, to set forth such circumstances as are merely evidence of the ultimate facts on which the cause of action or defense depends. That is to say, the pleader need only allege the ultimate facts constituting his claim or defense, and it is neither necessary nor proper to set forth the evidence by which he expects to prove it."

In King v. Harris County Flood Control District, Tex.Civ.App., 210 S.W.2d 438, 441, the court said: "Further, the courts of this state have uniformly held that the rules of pleading do not require but have uniformly condemned the practice of pleading the evidence upon which a party relies to prove the allegations of his pleadings."

■ We sustain appellants' assignments 3 and 19, because the pleadings did not justify the submission of special issues concerning damages by reason of being deprived of the use of his automobile, and the evidence does not support the jury's answers. The plaintiff was not compelled to use his car as he might have been had he been engaged in business for himself requiring the use of an automobile. He was a commissioned officer in the Army drawing his salary, with or without the use of his car, and suffered no damage in this respect.

Assignments 4, 5, and 11 are directed to the admission of the testimony of the plaintiff and Mrs. Martha Daniel that the car that hit their automobile was a "Yellow Cab," and to the conversation with "Mr. Smith," in that it was not shown that this "Mr. Smith" was defendant W. L. Smith.

The plaintiff offered in evidence certificate, dated May 30, 1949, of assumed name and owners of the Yellow Cab Company from the County Clerk's office, in which R. H. Andrews, W. L. Smith and Young Stephenson were listed as owners, and a certificate of withdrawal from such business by Young Stephenson, dated November 30, 1949. The Deputy Clerk testified that there were no other certificates filed

since 1949 concerning assumed name of Yellow Cab Company, and that so far as the record reflected there was no other taxicab doing business in San Angelo as the Yellow Cab Company.

Plaintiff testified that at the intersection of Lipan Street and Paint Rock Road a Yellow Cab collided with him; that he saw the sign on the cab; that the cab was being driven at 50 miles an hour when he first saw it; that he stopped his car, and heard the squeaking of the brakes, and the automobile swerved over on the right side of his car and hit in the center of his car.

That the car that hit him was yellow-tan; that both of the doors on the right side of his car were caved in; that he was north of the center line of Paint Rock Road at the point of collision and the cab was left of the center of the road; that after the collision he saw the other car turned around at 180 degrees; that he saw somebody get out of the taxicab and run; the driver of the car got out and said he was taking a soldier to Goodfellow Field, and the man who ran away beat him out of a fee; that he saw "Yellow Cab Compay" written on the door of the vehicle that collided with him; that five or ten minutes after the collision the police arrived; that the cab had a radio and the driver made a call and said he would report to his boss; that later a man came and introduced himself as Mr. Smith, who said he owned the car, and later Mr. McDonald came. The damage was two doors on the right side caved in, fender sideswiped, hood bent, fenders damaged, hood and front bumper torn and bent; that it cost $344 to get the car repaired; that some parts were missing.

Plaintiff further testified as to the market value of his automobile before the collision as $1900 and as $1700 after the repairs.

Mrs. Martha Daniel testified concerning the collision and that the cab was a Yellow Cab; that she saw it written on the cab.

Captain Eurika testified that he heard the crash; that the taxicab had a sign, "Yellow Cab", painted on it; that the operator of the cab admitted he was the driv-

er; that the only time he ever saw W. L. Smith was that night; that Mr. McDonald was out there ten or fifteen minutes after the collision.

Assignments 6, 7, 8, 9 and 10 are overruled, as we believe that the plaintiff was qualified to testify to the market value of his automobile before and after the collision and after the repairs were made, and that the pleadings were sufficient to give the defendants notice as to what they would be called upon to defend, and that under the pleadings and proof the costs of such repairs were reasonable and necessary. 33 Tex.Jur., p. 436, Sec. 22; Little Rock Furniture Mfg. Co. v. Dunn, Tex. Civ.App., 218 S.W.2d 527, affirmed Tex. Civ.App., 222 S.W.2d 985.

The 12th, 13th, 14th, 15th and 16th points are directed to the error of the court in submitting special issues 1-A, 1-B and 1-C, because the court assumed that Billy C. Lawler was the driver of the taxicab, and in refusing to submit defendants' requested issues 2 to 14, inclusive. These assignments are overruled.

The defendants in their first supplemental answer specially excepted to the petition because it failed to allege that Billy C. Lawler, the driver of the taxicab in question, was then acting within the scope of his employment. The question of whether Billy C. Lawler was the driver of such cab was not in issue. The only question was whether Lawler was acting within the scope of his employment.

Further, the defendants pleaded, "by entering the intersection after he saw, or could have seen the car driven by Billy C. Lawler approaching," and since the uncontroverted testimony shows that Lawler was the driver of the taxicab, the charge which assumes the existence of uncontroverted facts established by the evidence was not error. 24 Tex.Jur., Title "Instructions", Sec. 74; Karr v. Cockerham, Tex.Civ.App., 107 S.W.2d 719; Natatorium Laundry Co. v. Saylors, 131 S.W. 2d 790, Er.Dis.Cor.Judg.

In Wiley v. Joiner, Tex.Civ.App., 223 S.W.2d 539, 543, it was said: "It is the universally accepted rule in this state that

a party need not allege or prove facts pleaded and admitted by his adversary to establish his own legal rights." Curry v. E. E. Stone Lumber Co., Tex.Civ.App., 218 S.W.2d 293, Writ.Ref.N.R.E.

We overrule the 17th assignment directed to the error of the court in not submitting a proper charge as to the legal speed limit over the highways.

The testimony is that the collision occurred on Lipan Street in San Angelo.

We overrule appellants' 18th point.

This point asserts that the burden of proof was misplaced in submitting the issue of unavoidable accident. This issue was submitted as follows: "Do you find from a preponderance of the evidence that the collision between the automobile driven by Billy C. Lawler and the automobile driven by Heston C. Daniel, was not the result of an unavoidable accident as that term has been defined to you. Let your answer to this Special Issue be in the following form: 'It was not the result of an unavoidable accident,' or 'It was the result of an unavoidable accident.'" Answer: "It was not the result of an unavoidable accident."

This form of submission was approved in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956.

In our opinion, however, if there is error in the form of this issue it is harmless because there is no evidence that something other than the negligence of one of the parties caused the collision. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407.

The 22nd and 23rd points are directed to misconduct of the jury, and the failure of the court to grant a motion for a mistrial, and the failure of the court to allow the taking of testimony concerning such misconduct.

The motion for mistrial was not supported by affidavits attached thereto and no formal request was made to the court to hear testimony concerning the alleged misconduct. The assignments are overruled. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644; Associated Employers Lloyds v. Tullos, Tex. Civ.App., 197 S.W.2d 210, Er.Ref.N.R.E.

In Swanson v. Fort Worth Transit Company, Tex.Civ.App., 209 S.W.2d 772, 773, the court held: "Under Rule 327, Texas Rules of Civil Procedure, the burden is on appellant to show that injury probably resulted from the alleged misconduct of the juror. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. The previous rule requiring reversal for jury misconduct where the court has a reasonable doubt as to whether the misconduct affected the verdict, no longer exists. Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715. We have been cited to no case holding that reversible error is shown by mere proof that there was some conversation, of an undisclosed nature, between a juror and one of the parties during the trial. The point of error is overruled."

The judgment of the trial court is reformed by deducting the sum of $198 from the amount of recovery, and as reformed the judgment of the trial court is affirmed.

Reformed and affirmed.