PANHANDLE & SANTA FE RY. CO.

v.

DEAN et al.

No. 5020.

Court of Civil Appeals of Texas.

El Paso.

April 28, 1954.

Rehearing Denied June 2, 1954.

Wigley, McLeod, Mills & Shirley, Galveston, Runge, Hardeman, Steib, Smith & Foy, Snodgrass & Smith, San Angelo, for appellant.

John H. Rogers, Paul McCollum, Warren Burnett, Odessa, for appellees.

McGILL, Justice.

This was a suit by appellee William L. Dean as plaintiff against appellant as defendant. Defendant interpleaded plaintiff's compensation carrier which by plea of intervention sought to recover from any judgment rendered for plaintiff $150 paid to plaintiff as compensation and $131.50 expended for medical expenses incurred in treating and healing the injury sustained by plaintiff. Trial was to a jury. Upon answers to special issues the court rendered judgment for plaintiff against defendant for $28,500 and costs and for intervenor out of this amount the sum of $281.50.

Plaintiff was injured while working for the B–J Service Company by being struck by a freight car when defendant backed a string of cars into such car in order to couple it onto a train. Plaintiff was working between the tracks some six to ten feet from the car, with his back turned toward it. He and a man with an air hammer were knocking cement out from between the tracks and were creating a great deal of noise.

Appellant has presented nine points on appeal. The first point is that the court erred in refusing to permit the defendant to prove that the plaintiff had settled his claim for compensation resulting from the accident for $150.00 when he claims in this suit to have been damaged to the extent of $60,000. Were the question original we should be inclined to think that appellant's contention has a great deal of merit. How-

ever, we believe that the matter has been foreclosed by the opinion of the Supreme Court in Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813. The court quoted from the Fort Worth Court of Civil Appeals in Johnson v. Willoughby, 183 S.W. 2d 201:

" 'The nature of the two claims, the one against the Highway Department and the other against the third party, are so entirely different, and so different are the rules of liability and the measure of damages applicable thereto, that the jury could only have been confused by being told the terms of the settlement.' "

and then said:

"We agree with the conclusion of the Ft. Worth court expressed in the foregoing excerpt * * * that the only effect of such evidence 'was to becloud the issues in the case and divert the minds of the jury.' It can hardly be gainsaid, as was further stated in Johnson v. Willoughby, that 'any supposed value that the fact of settlement, *or the amount of it,* or the negotiations leading up to it, could have as proof would be more than offset by the misleading effect it would likely have upon the jury.' Especially is this true since the general relevancy of evidence of that character upon the general issues involved is not only very slight but wholly indirect. Certainly it has no direct relevancy to the issues upon which the jury decides whether the third party defendants are negligent, *or upon the amount of damages, if any,* to be assessed against them." (Emphasis ours.)

Appellant on oral argument practically conceded that had the settlement of the compensation claim been in a substantial sum in comparison to the amount of compensation recoverable, evidence of such settlement would have been inadmissible. In Myers v. Thomas the amount paid for settlement of the compensation claim was $7,930.73. It does not appear from the opinion

of the Court of Civil Appeals or of the Supreme Court how much plaintiff claimed against the third party, or the amount of compensation he could have recovered. If the admissibility of such settlement is dependent on the amount thereof it would be very difficult indeed to say where the line is to be drawn. For this practical reason, as well as the reasons advanced in Myers v. Thomas, we think there should be no exception to the rule there announced that such evidence is inadmissible.

■■ The second point is that the court erred in overruling defendant's objections and exceptions to Special Issues Nos. 1, 2 and 3, which submitted the failure to keep a proper lookout, and the corollary issues of negligence and proximate cause. The plaintiff pled that the *employees* of the defendant who were then and there in control of the train did then and there fail to keep a proper lookout. The court by Special Issue No. 1 inquired whether the defendant's *employee,* rear brakeman at the time of and immediately prior to the accident in question failed to keep a proper lookout, and Special Issues 2 and 3 inquired whether such failure was negligence and a proximate cause to the injuries sustained by plaintiff. We think this point is without merit. Of course the plaintiff could not know just what employees of defendant were in a position to keep a proper lookout, that is, whether they were in places where they ought to have been just before the accident, and whether there was any duty on any particular employee to keep a lookout. Certainly the engineer was in no position to keep a lookout as to the rear of the train any more than the brakeman on the rear of the train was in any position to blow the whistle, therefore plaintiff pleaded the facts as far as he could have pled them, and the pleading was sufficient for the development of the facts which showed the particular employee in position to keep a lookout and warn plaintiff of the approach of the train, to sound the whistle or ring the bell, which were the acts of negligence specified by plaintiff. The case of St. Louis, S. F. & T. Ry. Co. v. Williams, Tex.Civ. App., 104 S.W.2d 103, (wr.dis.), is directly in point on this question, and the holding we think disposes of appellant's contention on this point.

For the same reason appellant's third point to the effect that the court erred in overruling defendant's objections to Special Issues Nos. 4, 5 and 6 which inquired whether the defendant's locomotive engineer failed to sound the whistle and whether such failure was negligence and a proximate cause of the injuries sustained, and his fourth point, which complains of the court's action in overruling defendant's objections to Special Issues Nos. 7, 8 and 9, which inquired whether the defendant's rear brakeman failed to warn the plaintiff of the approach of defendant's locomotive and railway cars, and whether such failure was negligence and a proximate cause, are without merit.

The fifth point is that the court erred in overruling defendant's exceptions to plaintiff's petition. The same contention is made under this point that is made under the third and fourth points. For like reason it is without merit.

■ The sixth point is that the court erred in overruling defendant's objection to the introduction of life expectancy from the American Experience Tables of Mortality. If the evidence warranted a finding of permanent injury we think these tables were admissible to show loss which would probably occur by reason of the injury. See Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Tex. 413, 67 S.W. 765; International Creosoting & Const. Co. v. Daniel, Tex.Civ. App., 114 S.W.2d 393, and 17 Tex.Jur. p. 741, Sec. 320.

■ The seventh point is that the court erred in overruling the defendant's motion for an instructed verdict. It is insisted that the plaintiff wholly failed to make any proof to sustain a finding in his favor in respect to either of the grounds of negligence alleged, that the evidence conclusively shows that plaintiff voluntarily and without any excuse whatsoever placed himself in a position or situation of known danger, in that he went to work upon a railroad track in

close proximity to a standing car, with his presence not having been made known to defendant, and that he continued to work there with his attention distracted by his work and by the noise around him, under circumstances which taken together amount in law to his having entered into a position of known danger or peril, without having taken any precautions whatever for his own safety, and having continued to remain in such position of danger for an appreciable length of time, and that under such evidence plaintiff must be held guilty of contributory negligence as a matter of law. We think the evidence was sufficient to raise the issue as to whether there was any duty on the part of defendant's employees to ascertain whether there was anyone behind the car before attempting to couple it onto the cars which were propelled against it. The defendant's head brakeman stated that the proper way to do would be to check and see if anything was behind the railway car before coupling into it. Also the engineer admitted that just prior to the accident the whistle of the locomotive engine was not blown. It does not appear as a matter of law that the plaintiff could not have heard the whistle if it had been blown, or could not have heard the ringing of the bell if it had been rung. It was a question of fact, under all the circumstances, as to whether the bumping into the car without any attempt to ascertain whether anyone was in the close proximity behind it was negligence, nor does it appear as a matter of law that plaintiff was guilty of contributory negligence in placing himself in the position where he was when struck. This was also a question of fact. See Richmond v. Triangle Motors of Dallas, Tex.Civ.App., 254 S.W.2d 172 affirmed Tex.Sup., 258 S.W.2d 60.

Therefore the court did not err in overruling the defendant's motion for an instructed verdict.

Appellant's eighth point is that the court erred in admitting the testimony of the witness Calvin Splung to effect that he thought that the plaintiff was "a good hand". While this question was asked, upon objection it

was changed so as to inquire if Dean could do his work before he got hurt, and the answer was to effect that he could, that he was as good as the average roughneck, and he did as heavy work as the average roughneck. This was not opinion testimony, but a statement of fact based upon observation by one in a position to know.

The ninth and last point is that the court erred in refusing to hold the damages excessive. While the verdict is large, yet we are not able to say that it is so excessive as to show prejudice on the part of the jury. The question of damages is primarily for the jury, and we feel that in this instance the evidence does not warrant our disturbing the verdict.

All of appellant's points are overruled and the judgment is affirmed.