**U. S. FIDELITY & GUARANTY COMPANY,**
**Appellant,**

v.

Teresa **HERNANDEZ**, Appellee.

No. 4055.

Court of Civil Appeals of Texas.

Eastland.

Dec. 16, 1966.

Rehearing Denied Jan. 13, 1967.

The jury found that appellee sustained an accidental injury to three fingers on her right hand and that such injury extended to and affected her shoulder or neck thereby causing incapacity.

There is evidence that Mrs. Hernandez sustained a severe injury to three fingers on her right hand when they were caught in a slicer or grinder when in her language "I was pushing the pecans with my fingers towards the grinder and that's when the grinder got hold of the fingers." It is shown that she had no trouble with her neck or shoulder before the injury. She had a good work record before the accident, but has been unable to work since. She testified that she had pain and soreness and stiffness in her neck and shoulder.

Dr. Bray testified substantially as follows: I specialize in orthopedic surgery which involves the diseases that pertain to the bones and joints and related structures. I saw the plaintiff, Mrs. Hernandez, on the date of her injury in the emergency room at the hospital. She had caught her hand in a meat slicer and had some severe injuries to the third, fourth and fifth fingers on her right hand. She was taken to the operating room and the wounds and the dirt cleaned out; the tissue that was obviously destroyed was removed; the bleeding controlled; the fractures, which were multiple were fixed with some little stainless steel wires, to hold them in their correct position and closure of the wounds was made. She was confined to the hospital for about ten days. She developed some stiffness in the shoulder joints and some pain and soreness on movement of the shoulder joints. On March 16, 1964, I took some x-rays of her shoulder. I took some more x-rays of her shoulder about one year after the first ones were made because she was complaining of pain across the shoulder. The x-rays failed to show any evidence of significant bone pathology. I felt that a part of the stiffness of her shoulder was because she tended to concentrate so much on the hand; that she was holding the shoulder still and

Eplen, Daniel & Ames, Wayne B. Ames, Abilene, for appellant.

Schulz & Hanna, Bob R. Hanna, Yates & Yates, Jack Yates, Abilene, for appellee.

WALTER, Justice.

ON MOTION FOR REHEARING

Appellee's motion for rehearing is granted and the judgment rendered on October 14th, 1966 reversing the judgment of the trial court is set aside and the original opinion withdrawn.

Teresa Hernandez recovered a judgment for a general injury under the Workmen's Compensation Act against United States Fidelity and Guaranty Company. The company has appealed.

It contends the court erred in overruling its exceptions to the pleadings and in refusing two of its requested issues and in overruling its exception to the charge. It also contends there is no evidence and insufficient evidence that the injury to appellee's fingers and hand extended to and affected her shoulder or neck and that such finding is against the preponderance of the evidence.

was not moving and exercising the shoulder enough to keep it limbered up. I felt that part of it was due to this sympathetic reflex mechanism that will tend to cause some stiffness sometimes in the shoulder. Mrs. Hernandez had a stiffness in her shoulder which had its origin in the injury to the hand. That stiffness is gone and she has good active range of motion in the shoulder. The injury to the hand caused the stiffness in the shoulder, but it did not cause an injury to the shoulder. I think it would be more than pain radiating up to the shoulder as when you hit your finger with a hammer. "There is actual reflex set up and there is coming back over the basal motor reflex and during the time when the shoulder was stiff, why there might even, if you could have taken a bit of the tissue around the shoulder and found some actual microscopic changes in there, due to this other. It is a sort of disease process that is set up. You block the diseased process; the reflex, and get rid of it and everything, with physical therapy, goes back to normal."

Dr. Tull testified that the injury to the shoulder and neck was caused by the jerk she made when her fingers wre caught in the machine and that she thereby received a whip lash injury. He also testified: "Then, another thing that you have to remember is that having sustained maybe a minor injury of that particular portion of her neck, this condition that she had in her arm, from a *sympathetic standpoint*; from the nerve flow and so forth, it could have been an extension of it also, which would have involved it both ways."

█ In passing on a no evidence point to determine if there is any evidence to support a finding of the jury or an implied finding of fact incident thereto, we must consider only the evidence most favorable to the finding and disregard that which is opposed to it. Renfro Drug Company et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950) at page 613.

Section 20 of Article 8306, Vernon's Ann.Tex.Civ.St., provides:

"Wherever the terms 'injury' or 'personal injury' are used in the Workmen's Compensation Law of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

We have concluded that there is some evidence of probative force to support the jury's answers that such injury extended to and affected appellee's shoulder or neck thereby causing incapacity. Appellant's no evidence point is overruled.

█ The court has some discretion in passing on exceptions to the pleadings. No abuse of discretion or injury to appellant is shown. The court did not err in overruling the exceptions. Southern Underwriters v. Hodges, 141 S.W.2d 707 (Tex. Civ.App.1940, writ ref.).

Appellant contends the court erred in overruling its objections to the instructions following issues nineteen and twenty. Said issues and the instructions are as follows:

"SPECIAL ISSUE NO. 19

Do you find, from a preponderance of the evidence, if any, that the injuries are not confined to the fourth, fifth and middle fingers of plaintiff's right hand?

Answer: 'They are not confined to the fourth, fifth and middle fingers' or 'They are confined to the fourth, fifth and middle fingers'

\* \* \* \* \* \*

In answering the above special issue, you are instructed that an injury is not confined to the fingers if it is *continuing* and extends to and affects other members of the body.

SPECIAL ISSUE NO. 20

Do you find from a preponderance of the evidence that the injuries are not con-

fined to the plaintiff's right arm below the elbow?

Answer: 'They are not confined to the right arm below the elbow' or 'They are confined to the right arm below the elbow'.

\*     \*     \*     \*     \*     \*

In answering the foregoing special issue, you are instructed that an injury is not confined to the arm below the elbow if it is continuing and extends to and affects other members of the body."

It objected to such instruction because it was a comment on the weight of the evidence; it assumed there was a continuing and extended injury and that the court was attempting to instruct the jury that they must answer said issues, "they are not confined to the fourth, fifth and middle fingers and not confined to the right arm below the elbow."

Appellee contends that such objections were not timely made because they were presented to the court after he had begun to read the charge to the jury. The record shows that the objections were presented to the judge after he had begun reading the charge to the jury.

■ Rule 272 Texas Rules of Civil Procedure, requires the court to submit his charge to the attorneys for inspection, "and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. \* \* \* Failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon appeal upon proper exception." There is nothing in the record to indicate that the court did not give the attorneys a reasonable time to examine the charge. However, we will consider the point and overrule it on authority of Maryland Casualty Com-

pany v. Jackson, 139 S.W.2d 631 (Civ.App. 1940, Dism. Judg. Cor.).

■ We have considered the entire record and find that the evidence is sufficient to support the jury's answer and that the finding that the injury extended to and affected appellee's shoulder or neck is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant pleaded that appellee's injury was confined to her right hand and/or to the fourth, fifth and middle fingers on her right hand. Appellant's requested issues one and two are as follows:

"DEFENDANT'S REQUESTED SPECIAL ISSUE NO. 1

If you have answered Special Issue No. 1 'yes', then you will answer the following Special Issue; otherwise, you need not answer the same.

SPECIAL ISSUE NO. ——: Do you find, from a preponderance of the evidence, that such incapacity, if any, was not caused solely by the incapacity to her right arm below the elbow?

ANSWER: 'It was not' or 'It was.'

ANSWER: ————."

"DEFENDANT'S REQUESTED SPECIAL ISSUE NO. 2

If you have answered Special Issue No. 1 'yes', then you will answer the following Special Issue; otherwise, you need not answer the same.

SPECIAL ISSUE NO. ——: Do you find, from a preponderance of the evidence, that such incapacity, if any, was not caused solely by the incapacity to her fourth, fifth and middle fingers of her right hand?

ANSWER: 'It was not' or 'It was'.

ANSWER: ————."

Special issue number one asked if the appellee sustained an accidental injury to the three fingers on her right hand to which the jury answered "Yes." Obviously appellant did not intend for its requested special issues to be conditioned on an affirmative answer to issue number one because incapacity is not mentioned in that issue. Incapacity is mentioned in several of the issues and the requested issues might have been appropriate if conditioned on one of them. The requested issues were not in substantially correct form as required by Rule 279 T.R.C.P. Gulf, C. & S. F. Ry. Co. v. Jones et al., 221 S.W.2d 1010 (Tex.Civ. App.1949, writ ref. n. r. e.).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.