**Esmeralda A. RODRIGUEZ, Appellant,**

v.

**Jan Paul YENAWINE, Appellee.**

**No. 12568.**

Court of Civil Appeals of Texas, Austin.

Oct. 5, 1977.

Rehearing Denied Oct. 19, 1977.

J. G. Hornberger, Laredo, for appellant.

Wayne H. Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

O'QUINN, Justice.

Decision in this case, growing out of an automobile collision, turns on adequacy of pleadings.

Suit on behalf of Esmeralda A. Rodriguez, who is appellant, was filed in November of 1972 against Jan Paul Yenawine, claiming injuries received in an accident occurring in Travis County in April of 1974.

As plaintiff below, appellant alleged that the vehicle she was riding in as a passenger, shortly before the collision, was proceeding south on Interregional Highway 35 in Austin. Plaintiff described the accident in these allegations:

"Immediately in front of the vehicle in which the plaintiff was riding, but in the center lane . . . the defendant was also proceeding in a south-bound direction in a . . . motor vehicle which was pulling behind it a relatively small trailer. For reasons unknown to the plaintiff, the vehicle being driven by the defendant and the trailer being pulled by it suddenly swerved to its right into the path of the vehicle in which plaintiff was riding, and even though the driver of the vehicle in which plaintiff was riding attempted to avoid a collision, a collision between the said trailer and the vehicle in which the plaintiff was riding did occur, the two vehicles striking with great force and violence. As a result of such collision, and the hereinafter described acts of negligence on the part of the defendant, the plaintiff sustained the hereinafter described injuries and damages."

Plaintiff alleged that Defendant Yenawine ". . . was guilty of the following acts and omissions, each of which was negligence . . .

1. The defendant drove his vehicle at a speed and in a manner that was not reasonable or prudent under the circumstances then existing.

2. The defendant drove his vehicle at a speed and in a manner that he was not able to control the actions of the trailer which he was pulling.

3. The defendant drove a vehicle which was not equipped with tires that were in a reasonably safe and driveable condition."

Defendant answered plaintiff's suit by general denial in June of 1974, and later, after the case had been set down for trial on October 11, 1976, filed his first amended original answer on October 1, excepting to the "three allegations of negligence . . [as being] . . . vague, indefinite, and do not apprise the defendant with sufficient particularity of the alleged conduct on his part which the plaintiff says is negligence."

Defendant further alleged that at the time of the accident he ". . . was confronted with an emergency situation which arose suddenly and unexpectedly and without negligence on his part, when the vehicle he was driving sustained a blowout, causing the vehicle and the trailer which he was pulling to go out of control."

At a hearing on defendant's special exceptions held October 7 the trial court sustained defendant's exceptions and granted plaintiff leave to amend. Plaintiff declined to amend, and the cause was dismissed by order entered October 12, 1976. Meanwhile, between the date of the hearing and date of the order of dismissal, the defendant on October 11 filed a supplemental answer in which exceptions to plaintiff's allegations of negligence were more specific than the exceptions filed in the first amended original answer. The order of October 12, by which suit was dismissed, recited that the court heard the exceptions on October 7 and that "after reading the pleadings and hearing the arguments of counsel thereon, the court is of the opinion that all the defendant's exceptions *as contained in his amended original answer* herein are well taken and should be sustained." (Emphasis added).

Appellant contends on appeal that only defendant's exceptions filed October 1, in the first amended answer, were sustained by the trial court, and that the more detailed exceptions, filed four days after the hearing, came too late and were not the exceptions sustained in the court's order of dismissal on October 12. Defendant as appellee insists that the supplemental answer was timely filed before entry of the order of dismissal, and that language in the order indicates the court considered the supplemental answer before ordering dismissal of the cause. Appellee also says the subsequent filing of more specific exceptions was pursuant to agreement between counsel for the parties.

Appellant brings two points of error. Under the first point appellant's position is that the trial court erred in sustaining the special exceptions, which were insufficient. Under the second point appellant urges error in dismissing the case on the basis that plaintiff's pleadings were adequate.

We will sustain appellant's second point of error and order the cause reinstated on the district court docket.

█ Broad discretion is vested in trial courts in hearing, construing, and sustaining special exceptions to pleadings, and the trial court's ruling on the exceptions will not be disturbed on appeal in absence of showing abuse of discretion resulting in injury. *H. O. Dyer, Inc. v. Steele,* 489 S.W.2d 686 (Tex.Civ.App. Houston 1st 1972, no writ); *U. S. Fidelity & Guaranty Co. v. Hernandez,* 410 S.W.2d 224 (Tex.Civ.App. Eastland 1966, writ ref'd n. r. e.); *Southern Underwriters v. Hodges,* 141 S.W.2d 707 (Tex.Civ.App. Waco 1940, writ ref'd).

█ When special exceptions addressed to the pleadings are sustained, the pleader may amend to meet the exceptions or refuse to amend and test validity of the ruling on appeal. *McCamey v. Kinnear,* 484 S.W.2d 150, 152 (Tex.Civ.App. Beaumont 1972, writ ref'd n.r.e.), and cases there cited. If the plaintiff refuses to amend, as in the present case, an order dismissing the case

with prejudice is proper. *Farias v. Bestei-ro,* 453 S.W.2d 314 (Tex.Civ.App. Corpus Christi 1970, writ ref'd n.r.e.). An appellate court must look to the rules of civil procedure and the body of case law which provides standards against which the pleadings are to be measured.

Under Rule 45, Texas Rules of Civil Procedure, pleadings ". . . Consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense." The Rule further provides, "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when *fair notice* to the opponent is given by the allegations as a whole." (Emphasis added).

Rule 47 requires that a pleading contain ". . . a short statement of the cause of action sufficient to give *fair notice* of the claim involved . . ." (Emphasis added). McDonald characterizes the emphasis in Rule 45 as ". . . a thoroughly practical test: Does the pleading give adequate notice?" 2 McDonald, *Texas Civil Practice,* sec. 5.05, p. 13 (1970).

In defining *fair notice* and in measuring the adequacy of a pleading against that standard, Texas courts consistently indicate that to force a party to plead his entire case, with exactness, is not concordant with the spirit of the Rules governing pleading. The party excepting to a pleading has the burden to show that fair notice of the facts upon which the pleading is based has not been given the party excepting, and the burden is greater because the Rules of pleading uniformly condemn forcing a plaintiff to plead the evidence upon which plaintiff relies to prove the allegations of the pleadings. *King v. Harris County Flood Control Dist.,* 210 S.W.2d 438 (Tex.Civ.App. Galveston 1948, writ ref'd n. r. e.); *Andrews v. Daniel,* 240 S.W.2d 1018, 1021 (Tex.Civ.App. Austin 1951, writ dism'd).

Under Rules 45 and 47, certainty in the *incident* giving rise to the controversy is required in the pleadings more than certainty in the *issues,* as stated by Mc-Donald. 2 McDonald, *Texas Civil Practice,* sec. 5.07.2, p. 22 (1970). This statement of the rule, together with the language immediately following it, met with approval of this Court in 1954: ". . . the time and place of the transactions involved and the circumstances of the occurrence which forms the basis of the controversy are to be stated with such particularity as will permit the opponent to identify the source and estimate the general scope of the dispute." *Pacific Finance Corporation v. Moody,* 272 S.W.2d 403, 408 (Tex.Civ.App. Austin 1954, no writ).

Fair notice as used in the Rules has been given if the pleadings are sufficiently specific that ". . . an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant." 2 McDonald, sec. 5.05, p. 16 (1970). The test, as stated in this language, was applied in *Daniels v. Conrad,* 331 S.W.2d 411, 415 (Tex. Civ.App. Dallas 1959, writ ref'd n. r. e.).

It has been held that allegations setting out each element of the cause of action are sufficient to give fair notice. *Union Producing Company v. Allen,* 297 S.W.2d 867, 870 (Tex.Civ.App. Beaumont 1957, no writ); *Gunnells Sand Company v. Wilhite,* 389 S.W.2d 596, 598 (Tex.Civ.App. Waco 1965, writ ref'd n. r. e.). In negligence cases when pleadings are properly struck down, therefore, it is because there has been no allegation of a crucial element of the cause of action such as facts or circumstances from which it could be found that the defendant breached any duty owed, or any act or omission that could constitute negligence. *White v. Jackson,* 358 S.W.2d 174, 176 (Tex.Civ.App. Waco 1962, writ ref'd n. r. e.); *DeKalb Hybrid Seed Co. v. Agee,* 293 S.W.2d 64 (Tex.Civ. App. Beaumont 1956, writ ref'd n. r. e.); *Radcliff v. Clemons,* 265 S.W.2d 182 (Tex. Civ.App. Galveston 1954, writ ref'd n. r. e.).

The important distinction between what is necessary to constitute adequate notice and what exceeds that stan-

dard unnecessarily was stated clearly by the Supreme Court in *Arkansas Fuel Oil Co. v. State*, 154 Tex. 573, 280 S.W.2d 723, 725 (1955) in this language: "Under Texas pleading a petition should allege the ultimate facts constituting the elements of the cause of action relied upon, but it need not be evidentiary. In general, counsel can, if he wishes, say nothing in advance about the evidence he intends to offer to prove the allegation of his petition. Usually he lets the court and his opposition learn the nature of his evidence as he develops it during the trial."

In the present case appellant as plaintiff alleged three acts, any of which could constitute negligence, and thereby satisfied the requirement that this essential element be alleged. In brief, these elements were improper speed, inability of the driver to control the trailer due to improper speed, and driving with unsafe tires. Plaintiff also alleged in another paragraph that the accident occurred "for reasons unknown to the plaintiff."

■ Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition. Pleadings have been held sufficient alleging "failure to keep a proper lookout," that "defendant is liable to plaintiff under the doctrine of discovered peril," and that defendant "failed to exercise the means then and there at his command to avert said collision." *Andrews v. Daniel*, 240 S.W.2d 1018, 1020 (Tex.Civ.App. Austin 1951, writ dism'd). Similarly, the pleading alone of "failure to keep a proper lookout" was upheld because, the court reasoned, plaintiff pleaded the facts as far as he could and because the pleading was sufficient to allow development of facts which showed the particulars. *Panhandle & Santa Fe Ry. Co. v. Dean*, 269 S.W.2d 439, 441 (Tex.Civ. App. El Paso 1954, writ ref'd n. r. e.).

■ We hold that plaintiff properly pleaded negligence, and the pleadings were sufficient for development of facts to show the particulars. Allegations that defendant was driving a vehicle at a speed greater than was reasonable and prudent under the circumstances, having due regard to the actual and potential hazards then and there existing, were held sufficient to allege negligence in *Blaugrund v. Gish*, 179 S.W.2d 257 (Tex.Civ.App. El Paso 1943, aff'd, 142 Tex. 379, 179 S.W.2d 266), and loss of control of the vehicle has been recognized as proper proof of this type of negligence in *Union Transports, Inc. v. Braun*, 318 S.W.2d 927 (Tex.Civ.App. Eastland 1958, no writ). From plaintiff's petition, counsel for defendant will be able to identify the source and estimate the general scope of the dispute, as well as ascertain the nature and the basic issues of the controversy and the testimony that probably will be relevant. For these reasons, fair notice has been given by plaintiff's pleadings. See *Daniels v. Conrad, supra.*

Because we have held that appellant's pleadings as plaintiff below were sufficient and the trial court erred in sustaining defendant's exceptions, we do not reach and do not decide whether the special exceptions were adequately pleaded.

Judgment of the trial court is reversed. The cause is remanded for reinstatement on the trial court docket and for further proceedings.