Francis C. DAVIS, et vir., Appellants,

v.

QUALITY PEST CONTROL, et al., Appellees.

No. C14–82–012CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1982.

Joseph F. Archer, Archer, Peterson & Waldner, Houston, for appellants.

Knox Nunnally, Vinson & Elkins, Anthony Montgomery, Hicks, Hirsch, Glover & Robinson, Houston, for appellees.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal is taken from a judgment of dismissal entered against appellants, Francis C. Davis and Nolan M. Davis, upon their refusal to amend their fourth amended original petition after special exceptions thereto had been sustained. We affirm.

On or about December 5, 1978, appellant Francis C. Davis sustained a fall at her apartment which was a unit in the apartment complex known as the King William Apartments. She fell when the crutch on which she was standing slipped on some exterminating fluid which had not yet dried on her vinyl floor. The management of the apartments had contracted with Quality Pest Control (hereafter QUALITY) to spray any apartment in the complex whose tenant was desirous of accepting the extermination service.

Mrs. Davis and her husband originally brought suit against QUALITY only. QUALITY, in turn, filed a third-party action against King Williams Apartments (a company or business entity, hereafter referred to as KING WILLIAM) for indemnity and/or contribution alleging that KING WILLIAM was negligent in failing to warn QUALITY of Mrs. Davis' particular condition. Thereafter, appellants filed a first amended original petition wherein they brought in KING WILLIAM as a defendant alleging negligence on its part in engaging the services of QUALITY "without determining whether the company, in fact, was competent and capable of rendering exterminating services in such a manner that would not be hazardous to the tenants" and "in failing to properly supervise the activities of Defendant Quality Pest Control."

KING WILLIAM filed special exceptions to appellants' first amended original petition. In the special exceptions, KING WILLIAM asserted that appellants' petition did not set forth sufficient facts to establish what KING WILLIAM should or should not have done to determine QUALITY's competency and did not specifically state any act or omission on KING WILLIAM's part sufficient to constitute a duty to supervise the activities of QUALITY or a breach of that duty. KING WILLIAM also objected to appellants' allegation because "[t]he relationship in this case is undisputedly a relationship between the independent contractor and the King William Apartments . . . ."

The record does not reflect any action by the trial court on these special exceptions. However, appellants thereafter filed a second amended original petition wherein they alleged as follows: "Further, Defendant King William Apartments was negligent in that it gave its *independent contractor,* Cross-Defendant Quality Pest Control, no instructions or directions as to how the work should be done so as to protect Francis Davis from the danger of falling . . . ." (emphasis theirs)

Appellants' second amended original petition was followed by a third amended original petition which contained substantially the same allegations as the second but add-

ed several new defendants. Included were five named individuals who were alleged to be a collective entity or entities doing business as King William Apartments (hereafter Owners) and M–D–M Properties, Inc., an entity which was described as KING WILLIAM's agent. In this petition, appellants alleged for the first time that the named defendants "were negligent in that the Cross-Defendant, Quality Pest Control, an independent contractor acting for King William Apartments ..., created a dangerous condition for which all defendants are liable." They alleged further that all the defendants were negligent in failing to warn Mrs. Davis that a hazardous condition existed in her apartment and in failing to inspect the apartment following the extermination.

Subsequent to the filing by appellants of the first amended original petition, appellants settled with QUALITY. It is an appellee here because of the still pending indemnity and contribution action. Other appellees are KING WILLIAM, Owners, and M–D–M Properties, Inc. No brief has been filed on behalf of M–D–M Properties, Inc. or QUALITY. KING WILLIAM and Owners have jointly filed a brief. We will hereinafter refer to them as appellees.

Appellees filed special exceptions to the third amended original petition. There they alleged that by appellants' allegations that QUALITY was an independent contractor, "the Petition contains facts which affirmatively negate the existence of a cause of action." Appellees cited *Goolsby v. Kenney*, 545 S.W.2d 591 (Tex.Civ.App.— Tyler 1976, writ ref'd n.r.e.), for the proposition that a person who employs an independent contractor to secure the performance of certain work lawful in itself and not inherently injurious to others, is not responsible for injuries caused by the negligent acts of an independent contractor or his *servants* and employees. Appellees further specially excepted by stating that the petition failed to comport with the spirit and nature of the Texas Rules of Civil Procedure as appellees had not received fair notice of the exact nature of appellants' allegations.

The trial court sustained in part and denied in part appellees' special exceptions to the third amended original petition. Those sustained complained of appellants' allegations of vicarious liability, failure to give QUALITY instructions as to how the work should be done and to warn Mrs. Davis that a hazardous condition existed, failure to alert QUALITY of Mrs. Davis' special condition, and failure to inspect Mrs. Davis' apartment following extermination of the pests. The trial court did not sustain the special exception complaining of the allegation that all defendants were negligent in failing to determine whether QUALITY was a competent and capable exterminating service. Appellants, complying with the trial court's order to replead the petition within six weeks, thereafter filed their fourth amended original petition.

Since the wording of the fourth amended original petition is significant in the trial court's decision to sustain special exceptions thereto, we will set out parts of that petition *verbatim*.

Paragraph IV of appellant's fourth amended original petition states in part as follows:

... [All defendants], by and through its/their agents, servants, and/or employees, were negligent in that the Cross-Defendant QUALITY PEST CONTROL, as owners' representative acting for KING WILLIAM APARTMENTS and all Defendants, negligently created a dangerous condition, which was a proximate cause of the injuries suffered by the Plaintiffs, for which all Defendants are vicariously liable.

Paragraph V of that same petition states in part as follows:

... [All defendants], by and through their agents, servants, and/or employees, were negligent, including but not limited to, the following particular allegations;

(1) In that they failed to determine whether or not the Cross-Defendant, QUALITY PEST CONTROL, was in fact a competent and capable exterminating service, which would render its

services in a safe, workmanlike and skillful manner.

(2) In failing to properly supervise the activity of owners' representative in or about the Plaintiffs' apartment.

(3) In failing to specifically alert Cross-Defendant QUALITY PEST CONTROL, its supervisor and/or employees of the condition of Mrs. Davis and the increased risk of injury to her because of her condition should a residue of oily fluid be left in the apartment on which she could slip.

(4) In failing to inspect Mrs. Davis' apartment following the extermination of the pests in her apartment to discover the dangerous condition.

(5) In failing to instruct owners' representative, QUALITY PEST CONTROL, not to spray excess fluid in the Plaintiffs' apartment, although the Defendants had actual knowledge of this practice of spraying excess fluid, which dripped to the floor.

Also paragraph VII of appellants' fourth amended original petition states in part as follows:

Alternatively, and without waiving the foregoing, Plaintiffs seek damages for the wrongful refusal to abide by the express terms of Exhibit A (attached hereto), wherein the Defendants/owners agree to be liable for the negligent acts of owners' representative or of owner, his agents, servants, and/or employees.

Specifically, Plaintiffs assert their right under Paragraph 12, sentence 2 of said Exhibit A, wherein it states:

'Owner shall not be liable for *personal injury* or damage or loss of resident's personal property (furniture, jewelry, clothing, etc.) from theft, vandalism, fire, water, rain, hail, smoke, explosions, sonic booms, acts of God, or other causes whatsoever, unless *the same is due to negligence of owner or owner's representative.*' [emphasis notation within quote in original]

Plaintiffs have specifically pled acts of negligence of owner and owner's representative in the preceding paragraphs IV

and V of this Petition, and hereby incorporate said paragraphs IV and V in this paragraph for all purposes.

In their special exceptions to the fourth amended original petition, appellees alleged substantially the same defects as were previously asserted. Further, appellees specially excepted to the use of the word "representative" in paragraphs IV, V and VII. They reasoned that because appellants themselves used the term "independent contractor" in their second and third amended original petitions, it was undisputed that the relationship between KING WILLIAM and QUALITY was one of employer and independent contractor and not one of principal and agent. This argument was also advanced regarding the negligence allegation pursuant to Paragraph 12 of the lease. Appellees asserted that the petition contained facts which affirmatively negated the existence of a cause of action because QUALITY was not a representative of KING WILLIAM as that term is used in law. Appellees argued, citing *Texas Power & Light Company v. Adamson,* 203 S.W.2d 275 (Tex.Civ.App.—Texarkana 1947, no writ), that "the term representative as used by the courts of Texas means 'to take the place of a principal and act in furtherance of the principal's business and binds the principal in a contractual sense and the term is interchangeable with agency.'"

The trial court sustained the special exceptions to subparagraphs (2) through (5) of appellants' paragraph V. As to paragraphs IV and VII, the exceptions were sustained to the extent that appellants were required to strike any and all allegations which referred to QUALITY as an agent, servant, employee, or representative of KING WILLIAM.

After the trial court signed the order sustaining the special exceptions, appellants announced in open court that they would stand firm on their pleadings. Appellants were then given thirty days to amend the pleadings but no amended petition was filed. At a hearing on appellees' motion to strike pleadings, the trial court ordered the pleading to which special exceptions had

been sustained struck from appellants' fourth amended petition. Thereafter, appellants moved in open court to abandon the remainder of their negligence allegations, particularly subparagraph (1) of Paragraph V, alleging that all defendants were negligent in failing to determine whether QUALITY was a competent and capable exterminating service. Since there then remained no cause of action asserted against appellees, the trial court dismissed the case. Appellants appeal from that order of dismissal.

In their sole point of error, appellants assert that the trial court erred in dismissing their suit because the fourth amended original petition set forth legally sufficient causes of action and theories of recovery against all appellees.

It well settled that when special exceptions addressed to the pleadings are sustained, the pleader may amend to meet the exceptions or refuse to amend and test the validity of the ruling on appeal. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Rodriguez v. Yenawine,* 556 S.W.2d 410 (Tex.Civ.App.—Austin 1977, no writ); *McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.); *Anderson Development Corporation v. Coastal States Crude Gathering Company,* 543 S.W.2d 402 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). If the plaintiff refuses to amend, an order dismissing the case is proper and the appellate court must look to the rules of civil procedure and the body of case law which provides standards against which the pleadings are measured. *Rodriguez v. Yenawine, supra.*

Broad discretion is vested in trial courts in hearing, construing, and sustaining special exceptions to pleadings, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion resulting in injury is shown. *Hubler v. City of Corpus Christi, supra; Rodriguez v. Yenawine, supra; Townsend v. Memorial Medical Center,* 529 S.W.2d 264 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *McCamey v. Kinnear, supra.*

Rule 47 of the Texas Rules of Civil Procedure requires that a pleading contain "... a short statement of a cause of action sufficient to give fair notice of the claim involved...." This has been characterized by McDonald as a thoroughly practical test: "Does the pleading give adequate notice?" 2 R. McDonald, Texas Civil Practice § 5.05 (rev. 1982). The test is whether "an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant," *Rodriguez v. Yenawine, supra; see also, Eagle Trucking Company v. Texas Bitulithic Company,* 590 S.W.2d 200 (Tex. Civ.App.—Tyler 1979), *aff'd in part and rev'd in part on other grounds,* 612 S.W.2d 503 (Tex.1981); 2 R. McDonald, Texas Civil Practice § 5.05 (rev. 1982). If the opposing party is not misled and if no special exceptions have been filed, the petition may even allege legal conclusions. *Neuhaus v. Kain,* 557 S.W.2d 125 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Paxton v. Spencer,* 503 S.W.2d 637 (Tex.Civ.App.— Corpus Christi 1973, no writ); Tex.R.Civ.P. 45(b).

It has been held that allegations in a petition should be so certain and specific that a court may render judgment on it assuming all facts as stated are true. Thus, the exception can go to the very basis of the plaintiff's suit in showing that he has alleged no cause of action or that he has alleged no basis of a ground of recovery. *Garrett v. City of Wichita Falls,* 329 S.W.2d 491 (Tex.Civ.App.—Fort Worth 1959, no writ); *see McFarland v. Reynolds,* 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ).

In the instant case, appellants did not allege any facts which would place them outside the general rule that an employer is not liable to third parties for the acts of an independent contractor. *See Eagle Trucking Company v. Texas Bitulithic, supra.* Because there was no fact issue which needed to be answered *based on the pleadings filed,* the trial judge sustained the special exceptions.

During arguments before this court, appellants stated that the only reason they used the word "representative" in identifying QUALITY in the fourth amended original petition was because the trial court had previously sustained appellees' special exceptions complaining of appellants' use of the term "independent contractor." Further, they say they were only tracking the language of the lease contract and the language of the Court in *Dalkowitz Brothers v. Schreiner,* 110 S.W. 564 (Tex.Civ.App.1908, no writ), wherein the Court stated that "[t]he [independent] contractor was her representative in and about the work...."

Appellants misconstrue the trial court's order sustaining the special exceptions to the third amended original petition. Although appellees underlined the term "independent contractor" in their special exceptions, the trial court's ruling is not grounded on any inappropriate use of the term "independent contractor." Rather, the court sustained the exceptions because of a defect of substance and not of form, since the petition did not allege sufficient facts to establish liability on the part of QUALITY *as an independent contractor.*

■ Appellants are correct in their contention that their use of the term "representative" is proper because it tracks the language of the lease. The lease does raise a question concerning whether QUALITY was a representative of KING WILLIAM. Paragraph 14 of the lease provides as follows:

14. WHEN OWNER MAY ENTER. If resident, his guest, or family is present, then owner's representative or servicemen may enter the apartment during reasonable times for any reasonable business purpose. If such persons are not present, owner's representative or servicemen may enter at reasonable times for the following purposes (so long as written notice thereof is left in the apartment after entry): requested repairs, extermination, preventive maintenance, failure to return tools or appliances within prescribed time, emergency safety or fire inspections, exercising contractual landlord's lien when resident is in default, showing apartment to building inspectors, fire marshalls, mortgage lenders, prospective residents (after lease termination notice has been given).

Since the terms "representative" and "servicemen" are used interchangeably and because an exterminator is a serviceman, there exists an issue of fact concerning whether QUALITY was KING WILLIAM's "representative." For example, situations could arise where an apartment complex is managed by a person or entity who also conducts an extermination business or the complex may use its own maintenance personnel for extermination purposes. When the pleadings raise such an issue, the question of whether one doing the work of an employer is an agent or an independent contractor is one for the jury and not, as is the general rule, one of law for the court. *See Eagle Trucking Company v. Texas Bitulithic Company, supra; cf. Damron v. C.R. Anthony Company,* 586 S.W.2d 907 (Tex.Civ.App.—Amarillo 1979, no writ) and *Goolsby v. Kenney,* 545 S.W.2d 591 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.), both holding that the contractors were independent contractors as a matter of law.

■ In the instant case, appellants do not dispute that QUALITY was an "independent contractor" as that term is used in law. This is evident from their use of the term "independent contractor" in the second and third amended original petition and in their statements during oral argument that no dispute exists as to QUALITY's legal status. An admission in a trial pleading is regarded as a judicial admission requiring no proof of the admitted fact and authorizing the introduction of no evidence which contradicts it. *See Canales v. Bank of California,* 316 S.W.2d 314 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); 1A R. Ray, Texas Law of Evidence § 1127 (Texas Practice 4th ed. 1980). Thus appellants cannot now assert that QUALITY was KING WILLIAM's "representative" or "serviceman."

Appellants contend further that the Court's holding in *Dalkowitz Brothers v.*

*Schreiner, supra,* authorized the use of the term "representative" in their fourth amended original petition. In *Dalkowitz,* the landlord was held liable for the negligent work performed by the independent contractor because the landlord gratuitously undertook to make repairs on the roof although he was under no duty to do so. Finding the landlord liable because he assumed this duty, the Court then stated, "The contractor was her representative in and about the work, *so far as appellants are concerned.*" (emphasis ours). In our view, the Court's statement was not applicable to every case involving an independent contractor. It was limited to those facts wherein the tenant is seeking to hold the landlord liable when the landlord has undertaken the duty to repair. In that sense, the contractor is like a representative since the landlord cannot insulate himself from the negligent discharge of his duty.

▪ The facts here are distinguishable. The allegations in appellants' petition and the lease contract attached thereto do not establish that KING WILLIAM was under a duty or undertook a duty to exterminate the apartments. *See Rodriguez v. Yenawine, supra.* In fact, the record reflects that the tenants were not required to accept the service. The extermination was only conducted if the tenant chose the service and then made arrangements for the service directly with QUALITY. Consequently, the rule of *Dalkowitz Brothers,* involving the undertaking of duty, is inapplicable. For this reason and for the reason that appellants have admitted that QUALITY is in "independent contractor", we find that the trial court did not abuse its discretion in sustaining the special exceptions complaining of appellants' use of the term "representative."

We now turn to the question of whether the trial court abused its discretion in sustaining the exceptions to the negligence allegations contained in subparagraphs (2) through (5) of Paragraph V of appellants' fourth amended original petition.

▪ It is well settled that one who contracts for work to be done by an independent contractor is not liable for the negligence of the latter unless the work is inherently dangerous. *Goolsby v. Kenney, supra; Sun Pipe Line Company, Inc. v. Kirkpatrick,* 514 S.W.2d 789 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.). The court in *Goolsby* states at 593:

It has been held that an instrumentality is inherently dangerous only if it is 'dangerous in its normal or non-defective state, like explosives.' *Roosth & Genecov Production Co. v. White,* 152 Tex. 619, 262 S.W.2d 99, 101 (1953). The work to be inherently dangerous must result in probable injury to third persons or the public. *Stephenville, N. & S.T. Ry. Co. v. Couch,* 56 Tex.Civ.App. 336, 121 S.W. 189 (1909, no writ). No recovery may be allowed for an injury from an act or fault purely collateral to the work and which arises entirely from the wrongful act of the independent contractor or his employees. *Loyd v. Herrington, supra,* [143 Tex. 135, 182 S.W.2d 1003] p. 1005; *Brownsville Navigation Dist. v. Valley Ice & Fuel Co.,* 313 S.W.2d 104 (Tex.Civ.App.—San Antonio 1958, no writ). The burden is on the plaintiff to show an exception to the general rule exempting the owner or employer from liability. *Wilson v. Crutcher,* 176 S.W. 625, 628 (Tex.Civ.App.—Texarkana 1915, writ ref'd); *Harris v. Farmers' & Merchants' State Bank,* 239 S.W. 1027, 1029 (Tex.Civ.App.—El Paso. 1922, no writ).

In the instant case, appellants' petition failed to allege any facts to show that the work performed by QUALITY was inherently dangerous. Consequently, we need not discuss whether the extermination of an apartment is work that is inherently dangerous. We find that the trial court did not abuse its discretion in sustaining the special exceptions to subparagraphs (2) through (5) of appellants' Paragraph V. Appellants' sole point of error is overruled.

▪ Appellees bring forward three cross-points in this appeal. The points all concern the trial court's alleged error in overruling appellees' motion for summary judgment and supplemental motion for partial summary judgment. These points are not appealable because this case does not fall

within the exception to the general rule that an order overruling a motion for summary judgment is interlocutory in nature and hence not appealable. *Ackermann v. Vordenbaum,* 403 S.W.2d 362 (Tex.1966); *Tobin v. Garcia,* 316 S.W.2d 396 (Tex.1958).

In *Tobin,* the Texas Supreme Court announced the following rule and exception at 316 S.W.2d page 400:

> If the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented.

*See also Ormsby v. Parker Square Bank,* 610 S.W.2d 246 (Tex.Civ.App.—Fort Worth 1980, no writ); *Adams v. Parker Square Bank,* 610 S.W.2d 250 (Tex.Civ.App.—Fort Worth 1980, no writ); *Gregory v. Texas National Guard Armory Board,* 490 S.W.2d 608 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.). Because no motion was granted in the instant case, we need not discuss the cross-points brought forward by appellees.

The judgment of the trial court is affirmed.